SLEEPER *v.* WORCESTER & NASHUA RAILROAD.

Whether a person was in the lawful use of a highway as a "traveller," and whether he was in the exercise of due care at the time of an injury to his horse, are questions for the jury.

CASE, to recover damages for killing the plaintiff's horse by the defendants' locomotive.   The plaintiff offered to prove that on the night of the accident, about dark, he went to a store in Sandown with his horse and sleigh, hitched his horse, securely as he supposed, near the door of the store, and went in to do some errands ; that he came out in about ten minutes, and found his horse had broken away and escaped ; that he immediately went in pursuit, and when he arrived at a crossing of the defendants' railroad he heard a crash, which proved to be the collision of the locomotive with his horse and sleigh.   This was in about ten minutes after the plaintiff left the store in pursuit of his horse.   It appeared that the horse, after breaking away, went upon the highway until he came to a crossing of the defendants' railroad where there were no cattle guards, and there went on to the railroad track and ran some distance, when he was overtaken and

killed by the locomotive. On the foregoing statement the defendants moved for a nonsuit, which the court granted *pro forma*, and the plaintiff excepted.

*Hatch*, for the plaintiff.

*Stevens*, for the defendants.

CLARK, J. If the plaintiff's horse was the horse of a "traveller" when it went on to the defendants' railroad it was rightfully in the highway; and if it was rightfully in the highway the defendants were bound to fence against it. *Giles* v. *Boston & Maine Railroad*, 55 N. H. 552; *Mayberry* v. *Concord Railroad*, 47 N. H. 391; *Chapin* v. *Sullivan Railroad*, 39 N. H. 564; *Cornwall* v. *Sullivan Railroad*, 28 N. H. 161; *Towns* v. *Cheshire Railroad*, 21 N. H. 363; *Woolson* v. *Northern Railroad*, 19 N. H. 267. Whether the plaintiff's horse was rightfully in the highway, and whether the plaintiff was in the exercise of due care at the time the accident happened, were questions for the jury. *Elliott* v. *Lisbon*, 57 N. H. 27; *Varney* v. *Manchester*, 58 N. H. 430; *Cummings* v. *Center Harbor*, 57 N. H. 17; *Dumas* v. *Hampton*, 58 N. H. 134; *Hardy* v. *Keene*, 52 N. H. 370; *Baldwin* v. *G. T. Co.*, 40 Conn. 238; *Ring* v. *Cohoes*, 77 N. Y. 83. The court cannot say there was no evidence upon these questions competent to be submitted to the jury, and the exceptions must be sustained and the

*Nonsuit set aside.*

STANLEY, J., did not sit: the others concurred.