CRESSEY *v.* THE NORTHERN RAILROAD.

The neglect of a railroad company to fence their road does not excuse them from liability for injury to animals upon their track, although the owner of such animals was aware of that neglect when he turned them out to graze on his own adjoining land.

CASE, for killing the plaintiff's mare, through the neglect of the defendants to maintain a sufficient fence between their railroad and the highway. The plaintiff, knowing the want of a fence, turned his mare into the highway to feed, and she wandered at large and unattended in the highway within the limits of the plaintiff's farm and upon the railroad, and was overtaken by the defendants' cars and killed.

The plaintiff requested the court to instruct the jury, that if the mare wandered from the highway to the railroad track, through the defendants' neglect to keep a sufficient fence, and was there killed by the defendants' cars, the defendants were liable; that if she wandered upon the track through the plaintiff's fault in allowing her to go at large in the highway, and was killed through want of ordinary care of the defendants in managing the train, the plaintiff's knowledge of the want of a fence was immaterial, and the defendants were liable. The court declined to give these instructions, but, among other things, instructed them that if, without any fault or want of ordinary care on the part of the plaintiff, the mare escaped to the track, and was there killed by the defendants' cars, the defendants were liable; but if the plaintiff had knowledge of the want of a fence, and turned the mare loose into the highway, and she escaped thence to the track, through any want of ordinary care, the defendants were not liable, unless they killed her wantonly, or by due and ordinary care might have avoided it, and did not.

To the instructions given, and to the refusal to give those requested, the plaintiff excepted. Verdict for the defendants, and motion for a new trial.

*Hawthorne* and *A. P. Davis*, for the plaintiff, argued that the plaintiff was the owner of the fee in the highway, and entitled to use it for all purposes not inconsistent with the public use, and to be protected, in respect thereto, in the same manner and to the same extent as any other part of his farm,—citing *Makepeace* v. *Worden*, 1 N. H. 16; *Hopkins* v. *Crombie*, 4 N. H. 520, 525; *Copp* v. *Neal*, 7 N. H. 276; *State* v. *New Boston*, 11 N. H. 407; *Baker* v. *Shephard*, 24 N. H. 208; Ang. High., c. 7, s. 304; Redf. Railw. 251;—that as such owner he had a right to turn his horse into the highway to graze,—citing *Avery* v. *Maxwell*, 4 N. H. 36, 38; Ang. High., ss. 303, 306;—that the plaintiff, being limited in his right to the use of the highway only by the public easement, which was not vested in the defendants, owed no duty to them, and therefore the mare was rightfully upon the highway, so far as concerned the defendants,—citing *Fawcett* v. *York & No. Mid. R. R.*, 71 E. C. L. 607;—that it was the defendants' duty to keep the plaintiff's mare off their track; and that the doctrine of contributory negligence did not apply.

*Mugridge*, for the defendants, contended that the instructions were correct,—citing *Farnum* v. *Concord*, 2 N. H. 393; *Norris* v. *Litchfield*, 35 N. H. 276; *State* v. *Railroad*, 52 N. H. 528; Shear. & Redf. Neg., ss. 34, 462; and that the instructions asked for were properly refused, because they ignored the question of contributory negligence.

*Hawthorne* and *Davis*, second brief.

The doctrine of contributory negligence does not affect the question,—citing *Shepard* v. *Buffalo, N. Y. & E. R. R.*, 35 N. Y. 641; *Tracy* v. *Troy & Boston R. R.*, 38 N. Y. 433, 437; *Wilder* v. *Me. Cent. R. R.*, 65 Me. 332, 340; *Smith* v. *Eastern R. R.*, 35 N. H. 356.

*Mugridge*, second brief.

The right to recover for an injury occasioned by the negligence of another depends upon the exercise of ordinary care on the part of the person injured, and to recover he must show that his own negligence did not contribute to the injury. *Daniels* v. *Lebanon*, 58 N. H. 284; *Griffin* v. *Auburn*, 58 N. H. 121; *Dumas* v. *Hampton*, 58 N. H. 134.

The statute in regard to fences, by railroads, is directory merely. It imposes no penalty, and creates no liability. It creates a legal negligence, which, when created, should stand on the same ground as other cases of negligence. *Smith* v. *E. R. R.*, 35 N. H. 357; *White* v. *Concord R. R.*, 30 N. H. 188; *Eames* v. *B. & W. R. R.*, 14 Allen 151. In all cases where, by the common law, there is a

responsibility for negligence, the doctrine of contributory negligence applies. In those cases where the legislature has made something a duty which was not a duty at common law, the doctrine of contributory negligence has been enforced by the court. The duty to maintain a fence by a railroad differs in no respect from the other duties established by statute. There is therefore no reason why a different rule should be applied to this case from that established in the others mentioned.

STANLEY, J. The plaintiff's mare was grazing upon his land. It is not material that it was on land in which the public had an easement, since her grazing did not interfere with the public rights, and, subject to these rights, the plaintiff was entitled to the use of the land within the limits of the highway as fully as to the use of any land he owned. *Makepeace* v. *Worden*, 1 N. H. 16; *Avery* v. *Maxwell*, 4 N. H. 37; *State* v. *New Boston*, 11 N. H. 407; *Baker* v. *Shepard*, 24 N. H. 208. This case must therefore be decided upon the same principles as if the animal had wandered from the plaintiff's field, through which the railroad was built, and had been killed in consequence of a defect in the fence which the defendants were bound to maintain. In such cases the law is well settled. *Woolson* v. *N. R. R.*, 19 N. H. 267; *Chapin* v. *Sullivan R. R.*, 39 N. H. 564; *Dean* v. *Sullivan R. R.*, 22 N. H. 316; *Cornwall* v. *Sullivan R. R.*, 28 N. H. 161; *Smith* v. *Eastern R. R.*, 35 N. H. 356; *Towns* v. *Cheshire R. R.*, 21 N. H. 363; *Giles* v. *B. & M. R. R.*, 55 N. H. 552.

Whether the change made by the enactment of the Gen. Sts., c. 148, *s.* 1, whereby railroads are, in terms, required to fence on both sides of their road, except at their intersection with highways, has so changed their liabilities that now they are answerable for all damage occasioned by their neglect to perform this duty, whether such damage is to the property of adjoining land-owners or not, we need not now consider, since upon the facts found we hold that the plaintiff's mare was rightfully in the highway. It may, however, be suggested that the change to which we have adverted was regarded by the commissioners who revised the General Statutes as material, as is shown by the marginal note of their report *(c.* 149, *s.* 1).

The instructions to the jury made the liability of the defendants depend upon the want of ordinary care by the plaintiff in turning his mare into the highway. This was error. As we have seen, the plaintiff's rights in the highway were the same as in any other land owned by him, except so far as they were modified by the public rights, and in such cases neither his rights nor the defendants' liabilities are affected by the plaintiff's want of ordinary care. If the plaintiff had the right to turn his mare into the highway to feed, due care was not required of him to prevent her escape to the defendants' track. The fact that they had neglected to fence their

roadway, and the plaintiff's knowledge of that fact, did not deprive him of the rightful use of his land. The defendants' neglect did not impose upon the plaintiff any obligation, or put him under any disability, with respect to the reasonable enjoyment of his property. The defendants electing to use their road without complying with the law which required them to fence it, they assumed the risk of the accident which happened in this case as a consequence of their neglect. It is not a question here whether the plaintiff had an active agency in causing the injury of which he complains. If it were, it might be incumbent on him to show that he was in the exercise of ordinary care. Here the question is, whether the plaintiff is to be deprived of a remedy for an injury caused to him while in the ordinary use of his property. By the common law the plaintiff was bound to keep his mare upon his own land; but here the statute had imposed that duty upon the defendants, and the rights of the parties are to be determined by the statute. If the plaintiff is held to the same care as the common law requires of him, the statute is inoperative.

In Ohio the law is, that where the plaintiff, in the ordinary exercise of his own rights, allows his property to be in an exposed or hazardous position, and it becomes injured by the negligence of the defendant, he is entitled to damages. By his allowing his property to be exposed to damage, he took upon himself the risk of loss or injury by mere accident, but he did not thereby voluntarily incur the risk of injury by the negligence of another. *Kerwhaker* v. *C. C. & C. R. R.*, 3 Ohio St. 172.

In Michigan it is held that the negligence of the plaintiff will not bar his recovery. *F. & P. M. R. Co.* v. *Lull*, 28 Mich. 510. In that case, *Cooley*, J., says,—" Indeed, if contributory negligence could constitute a defence, the purpose of the statute might be in a great measure, if not wholly, defeated, for the mere neglect of the railway company to observe the directions of the statute would render it unsafe for the owner of beasts to suffer them to be at large, or even on his own ground, in the vicinity of the road, so that if he did what but for the neglect of the company it would be entirely safe and proper for him to do, the very neglect of the company would constitute its protection, since that neglect alone rendered the conduct of the plaintiff negligent."

If the liability of the defendants depends on the exercise of ordinary care by the plaintiff, the defendants need never fence their road, so far as respects adjoining owners. The plaintiff could not enjoy the full benefit of his land. He could only make such use of it as would not require it to be enclosed. His use of it would depend on the pleasure of the defendants. It is not contributory negligence, within the meaning of the rule, for the owner to pasture his stock upon his own land because the railroad fails to discharge its statutory duty and fence its road. *Shepard* v. *N. Y. & E. R. R.*, 35 N. Y. 641.

Whether the defendants would be liable if the plaintiff wilfully drove his mare upon the railroad, or drove her and left her in an exposed situation, we need not consider, since the facts stated do not raise such a question.   There can, however, be no doubt of the plaintiff's right to use his land as he pleases, doing no unnecessary injury to others.   There was no negligence in his pasturing his mare upon his ·own premises, although he was aware of the defective condition of the fence, which it was the duty of the defendants to maintain.   *Corwin* v. *N. Y. & E. R. R.*, 13 N. Y. 42, 49, 54; 1 Thomp. Neg. 531 ; *Rogers* v. *Newburyport R. R.*, 1 Allen 16.   In *Horn* v. *A. & St. L. R. R.*, 35 N. H. 169, and *Smith* v. *E. R. R.*, 35 N. H. 356, the defendants were held liable because they had neglected their duty, and the question of contributory negligence was not suggested.   In *McCoy* v. *Cal. Pac. R. R.*, 40 Cal. 532— *S. C.*, 6 Am. R. 623, the court say,—" Nor was the plaintiff guilty of contributory negligence, from the fact that he knew that the road was not fenced when he turned his stock into the field.   The neglect of the defendant to build the fence certainly did not operate to dispossess the plaintiff of his entire field, or, what is the same thing, prevent him from making a lawful use of it."   It is no answer to say that the land-owner, if aggrieved by the negligence of the railroad, has a remedy by proper proceedings to compel the building of the fence, or, if the road neglect after notice, by building it himself and recovering double the cost from the railroad.   Justice does not require that the land-owner shall be compelled, before he can enjoy his property, to discharge a duty which the law places elsewhere, and take the risk of payment, even though he may have double pay.

In *Wilder* v. *Me. Central R R.*, 65 Me. 332—*S. C.*, 20 Am. R. 698, the court say,—" The owner of land has a right to use it in the natural and ordinary way for purposes for which it is fit.   This right does not depend upon the performance or non-performance of any duty or obligation enjoined by law upon another in respect to his land.   He has a right to expect that the requirements of the law will be complied with, and to act accordingly.   Nor does his knowledge that they have not been affect his right of use, one way or the other.   If it did, the neglect of the other to obey the law might operate to prevent him from the lawful use of his own property."

The true principle applicable to this class of cases is stated in *Cook* v. *Champlain Transportation Co.*, 1 Denio 91, 101.   It is this : " While a person confines himself to a lawful employment on his own premises, his position, however injudicious and imprudent it may be, is not therefore wrongful, and his want of due care or judgment in its selection can never amount to negligence so as thereby to deprive him of redress for wrongs done to him by others."   This doctrine was reäffirmed in *Fero* v. *Buffalo & State Line R. R.*, 22 N. Y. 209.

Applying this principle here, the plaintiff's use of the highway being rightful, he is entitled to recover for the damages caused to him by the defendants' negligence, regardless of the question whether his knowledge of the defendants' fault made his use of his own land negligent. The first request for instructions embodied this view of the law, and should have been granted.

*Verdict set aside.*

FOSTER and ALLEN, JJ., did not sit: the others concurred.