HILL v. CONCORD & MONTREAL RAILROAD.

Though a railroad is obliged by a statute (P. S., c. 159, s. 23) to maintain cattle-guards at highway crossings, it is not liable for the killing of cattle or horses which were wrongfully on a highway, and thence wandered on its tracks from the lack of guards, unless there was other negligence on its part.

CASE, for killing the plaintiff's horse. The court ordered a nonsuit, and the plaintiff excepted.

*Frank M. Beckford,* for the plaintiff.

*E. A. & C. B. Hibbard,* for the defendants.

CARPENTER, J. The plaintiff's evidence, taken in the most favorable aspect to him, tended to show that the horse escaped in the night from the plaintiff's field into a public highway, along which it wandered a long distance from the plaintiff's land to a railroad crossing, and, because of the lack of cattle-guards there, entered upon the defendants' railroad track, where it was struck and killed by their locomotive engine.

" The proprietors of every railroad shall erect and maintain a sufficient fence upon each side of their road except at the crossings of public highways ; and at every such crossing they shall construct cattle-guards or fences to prevent cattle from passing upon their road." P. S., c. 159, s. 23. Cattle-guards, like other fences, are required for the purpose of preventing cattle from entering on the land or track of the railroad. But it is only against the owner or custodian of animals rightfully on the adjoining land or in the highway that railroads are obliged to maintain fences or cattle-guards. *Woolson* v. *Railroad,* 19 N. H. 267 ; *Towns* v. *Railroad,* 21 N. H. 363 ; *Cornwall* v. *Railroad,* 28 N. H. 161 ; *Horn* v. *Railroad,* 35 N. H. 169 ; *Chapin* v. *Railroad,* 39 N. H. 564 ; *Mayberry* v. *Railroad,* 47 N. H. 391 ; *Giles* v. *Railroad,* 55 N. H. 552 ; *Cressey* v. *Railroad,* 59 N. H. 564 ; *Morse* v. *Railroad,* 66 N. H. 148. By the enactment of the statute in its present form (G. S., c. 148, s. 1) their obligation in this respect was not extended. To require railroads to maintain fences and cattle-guards against trespassers was not the purpose or the effect of the changes then made. *Giles* v. *Railroad,* 55 N. H. 552. The plaintiff's horse was wrongfully in the highway. It was not entitled to the protection afforded by cattle-guards. That it was on the track was not the defendants' but the plaintiff's fault, and there

was no evidence tending to show that the defendants could have prevented the accident. *Felch* v. *Railroad*, 66 N. H. 318.

*Exception overruled.*

BLODGETT, CHASE, and WALLACE, JJ., did not sit: the others concurred.