Hillsborough, }
  June, 1899. }

## CASISTA v. BOSTON & MAINE RAILROAD.

A railroad company is under no obligation to fence its right of way for the protection of an infant trespasser.

CASE, for negligence. The plaintiff's declaration alleged that it was the defendants' duty to fence their right of way, and that this duty was neglected, whereby the plaintiff, a child of tender years, was enabled to stray upon the track and was injured by moving cars. The defendants demurred.

*Doyle & Lucier*, for the plaintiff.

*Charles H. Burns* and *Frank S. Streeter*, for the defendants.

PEASLEE, J. At common law, railroads were under no obligation to fence their rights of way. *Chapin* v. *Railroad*, 39 N. H. 53, 57, and cases cited.

The statute provides that "the proprietors of every railroad shall erect and maintain a sufficient fence upon each side of their road." P. S., c. 159, s. 23. But this statute is for the benefit of the owner or occupant of the adjoining land. It confers no rights upon the general public. *Hill* v. *Railroad*, 67 N. H. 449, and cases cited. The fact that the plaintiff was a child does not alter the case. "The fact that the trespasser is an infant can-

not have the effect to raise a duty where none otherwise exists." *Frost* v. *Railroad,* 64 N. H. 220. If landowners do nothing to a trespasser, if they let him entirely alone, he will have no cause of action against them for injuries that he may receive. *Buch* v. *Company, ante, p.* 257.

The declaration does not allege a breach of any duty which the defendants owed to the plaintiff. They were not bound to anticipate his trespass, nor to take precautionary measures to prevent it.

*Demurrer sustained.*

All concurred.