Sullivan, }
May 1, 1917. }

### ELBERT J. DEMING v. BOSTON & MAINE RAILROAD.

In an action against a railroad for killing the plaintiff's horse, which entered upon the track at a highway crossing, by reason of the absence of a cattle guard, the fact that the animal was unattended does not conclusively prove that it was unlawfully in the highway; and whether the owner was in the exercise of due care was properly submitted to the jury.

CASE, for killing the plaintiff's horse. Transferred from the November term, 1916, of the superior court by *Branch*, J. The plaintiff's evidence tended to show that the plaintiff, having driven the horse attached to a sleigh several miles, stopped at a house to transact some business with the occupant; that when he returned he unhitched the horse and was about to get into the sleigh, when he slipped upon the ice and fell upon the ground; that thereupon the horse started and ran away in the highway; that the plaintiff immediately started in pursuit, but was unable to overtake or to find the horse until some hours after, when he learned that the horse had been killed by a train on the defendant's track some distance above a crossing at which there was no cattle guard; and that the

absence of such a guard permitted the horse to go upon the track, beyond the crossing, where it was killed by the defendant's train. The defendant excepted to the denial of its motions for a nonsuit and for requested instructions, which are stated in the opinion.

*Bernard W. Carey*, for the plaintiff.

*Hosea W. Parker*, for the defendant.

WALKER, J.   The statute (P. S., c. 159, s. 23) provides that, "The proprietors of every railroad shall erect and maintain a sufficient fence upon each side of their road, except at the crossings of public highways; and at every such crossing they shall construct and maintain, upon each side of the highway, sufficient cattle guards or fences to prevent cattle from passing upon their road."

The defendant claims that as the horse escaped from the immediate control of the plaintiff, it could not be found as a fact from the evidence, that it was rightfully in the highway when it went upon the railroad track, and that if it was not rightfully there the defendant was under no obligation to maintain a cattle guard to prevent the horse from going along the track.   The general principle that railroads are not obliged to maintain fences and cattle guards against cattle trespassing upon the adjoining land or upon the highway at a crossing, is undoubtedly based upon a sound construction of the statute.   *Chapin* v. *Railroad*, 39 N. H. 53; *Mayberry* v. *Railroad*, 47 N. H. 391; *Giles* v. *Railroad*, 55 N. H. 552; *Morse* v. *Railroad*, 66 N. H. 148; *Flint* v. *Railroad*, 73 N. H. 141. But whether a horse is unlawfully in the highway when he goes through an insufficient fence or over a railroad track at a crossing that is unprotected by a cattle guard, is a question of fact, which is not conclusively proved in the affirmative by the circumstance, that the animal is beyond the control of its owner or custodian. If while it is rightfully in the highway it escapes from the driver without any fault on his part, it would be an unreasonable refinement to say that thereupon its occupation of the highway became wrongful, as against a railroad company that was obliged to maintain fences to prevent horses properly in the highway from passing onto the tracks.   If a horse is abandoned or is permitted to stray without restraint upon a highway it would not be unreasonable to hold that it was not rightfully there.   *Hill* v. *Railroad*, 67 N. H. 449.   But extended discussion of this subject is unnecessary, since it was

distinctly held in *Sleeper* v. *Railroad*, 58 N. H. 520, upon evidence not materially different from that presented in the present case, that, "If the plaintiff's horse was the horse of a 'traveller' when it went on to the defendant's railroad it was rightfully in the highway; and if it was rightfully in the highway the defendants were bound to fence against it." It was also held that, "Whether the plaintiff's horse was rightfully in the highway, and whether the plaintiff was in the exercise of due care at the time the accident happened, were questions for the jury." See also *Clark* v. *Railroad*, 64 N. H. 323. That the jury were justified in finding that the plaintiff's horse was rightfully in the highway when it entered upon the defendant's track, is open to no serious doubt.

The defendant further contends that its request for instructions should have been granted. It was as follows: "If cattle guards are not needed in the winter season and are an incumbrance to the roadbed of the railroad during this season, it is not negligence on the part of the railroad to remove them." In substance this instruction was covered by the charge. Whether cattle guards are needed in the winter season to effectuate the purpose of the statute, whether they constitute obstructions to the running of trains with snow ploughs, as claimed by the defendant, and whether the removal of the guards in the winter is reasonably justifiable under the circumstances, are all questions submitted to the jury in the charge, to which no exception was taken. If the removal of the cattle guard was an unreasonable thing to do, as the jury must have found it was under the charge, the defendant was not justified in that respect and could not successfully claim that it was free from negligence. In view of the statute the charge was sufficiently favorable to the defendant, and rendered the requested instruction unnecessary, even if it was legally correct.

Whether the absence of the guard was a proximate cause of the injury to the horse, was properly submitted to the jury. The defendant's evidence that such a device is ineffective when there is snow upon the ground, did not conclusively show that the plaintiff's horse would not have been prevented from going along the track from the crossing, if the guard had been in place, or negative the conclusion of the jury that it would have prevented the accident. The court cannot say they were not justified in finding that fact.

*Exceptions overruled: judgment on the verdict.*

All concurred.