Section 52 of the Railroad Law (Cons. Laws, chap. 49) provides that a railroad corporation shall erect and maintain fences on both sides of its right of way sufficiently high and strong to prevent horses, cattle, sheep and hogs from going upon its road from the adjacent lands, and until this is done shall be liable for all damages caused by its agents, engines or cars to any domestic animal thereon. The fence need not be built, however, when not necessary to prevent such animals from reaching its tracks.
Through a farm occupied by Tony DiCaprio ran the New York Central railroad. On this portion of its road the defendant had failed to comply with the statute. As a result one of DiCaprio's cows had been killed. His house stood some seventy feet from the tracks. The space between was substantially level. On May 30th, 1917, his child, two years of age, momentarily escaped from those having control of it, wandered on to *Page 97 
the railroad and was struck by a passing train. For his death this action is brought, the sole negligence claimed being the absence of the fence. It is said by the appellant that the legislative intent in requiring fences was not the safety of persons who might trespass upon the right of way, but was to prevent the presence thereon of domestic animals and the consequent possibility not only of loss to their owners but of danger to passengers and employees in the operation of trains. Therefore, so far as the deceased is concerned there was no negligence which will permit a recovery of damages for his death.
Where a statutory duty is imposed upon one for the direct benefit or protection of another and the latter is damaged because this duty is not performed a cause of action arises in his favor based upon the statute (Amberg v. Kinley, 214 N.Y. 531), but no one not included in the class so directly to be benefited may complain because the statute is not complied with. (Lang v. N.Y. Central R.R. Co., 227 N.Y. 507). The rule is not dissimilar to that applicable to provisions said to be unconstitutional. (Middleton v. Texas Power Light Co.,249 U.S. 152, 156.) On the other hand, a statute or a city ordinance may be general in its character and may define the degree of care which one shall exercise in his calling or occupation. Failure to use such care is evidence more or less conclusive of negligence as to every one. Again, a particular statute may have both ends in view. (Kelley v. N.Y. State Railways, 207 N.Y. 342.) When this is so, he who is to be particularly protected has a cause of action because the statute is violated to his injury. Others, one based on negligence.
Primarily, the section in question was intended to protect the owners of domestic animals against loss and passengers and employees of the railroad against danger. This is clear, not only from the language used, but from the history of the act. As to such persons, where, because *Page 98 
of the absence of a fence an animal strayed upon the track and a collision resulted, the statute imposes responsibility. (Donnegan v. Erhardt, 119 N.Y. 468.) Was there, however, the further intent to safeguard any individual who might unconsciously trespass upon the right of way? We find no sign of such a purpose. The fence is to be sufficient to prevent animals going upon the railroad from adjacent lands. Until built, the company is liable for all damages done to such animals. No fence is required if not necessary to prevent such a trespass. Because of the peculiar use made by the railroad of its land and the excessive peril caused not only to the animal straying upon it but to the road itself it seemed wise to abolish in this instance the ancient rule and to require the corporation to furnish the necessary protection. This is what the legislature had in mind. No hint is given that it also considered the possibility of an involuntary trespass by an adult or a child; that for this object also fences were commanded. Certainly, in view of subdivision 4 of section 1990 of the Penal Law it had no thought of a voluntary trespass.
There seems to be no decision in this state which controls our action. Elsewhere, under somewhat similar statutes the results conflict. In Massachusetts (Menut v. B. M. Railroad,207 Mass. 12); Maine (Kapernaros v. B. M. Railroad, 115 Me. 467) ; New Hampshire (Casista v. B. M. Railroad,69 N.H. 649); Ohio (L.S. M.S. Ry. Co. v. Lüdke, 69 Ohio St. 384); Illinois (Bischof v. I.S. Ry. Co., 232 Ill. 446); Indiana (B. O.S.W. Ry. Co. v. Bradford, 20 Ind. App. 348), and Iowa (Cohoon v. C., B. Q. Ry. Co., 90 Iowa 169), it is said that the object of the legislature is solely to prevent the straying of cattle. The contrary, at least so far as childrennon sui juris is concerned, is the rule in Wisconsin (Schmidt
v. M. S.P. Ry. Co., 23 Wis. 186); Missouri (Isabelle v.Railroad, 60 Mo. 484); Minnesota (Schreiner v. G.N. Ry.Co., 86 Minn. 245, 247); Nebraska (C., B. Q.R.R. *Page 99 Co. v. Grablin, 38 Neb. 90), and Michigan (Keyser v. C. G.T. Ry. Co., 56 Mich. 559).
Twice similar questions have been discussed in the Supreme Court of the United States. A Colorado statute provided that where miners piled up slack coal in quantities likely to produce spontaneous combustion they should so fence the ground as to prevent access by loose horses and cattle. A failure to do so was made a misdemeanor. At such a place a child was injured under circumstances that would have made the defendant liable at common law, but the trial judge instructed the jury that the failure of the owner to fence the slack as required by statute was negligence of which the plaintiff could complain. The Supreme Court says that primarily this statute was intended to protect horses and cattle, "but it was not, for that reason, wholly inapplicable to the present case upon the issue as to negligence * * *. The non-performance by the railroad company of the duty imposed by statute, of putting a fence around its slack pit, was a breach of its duty to the public, and, therefore, evidence of negligence, for which it was liable in this case, if the injuries in question were, in a substantial sense, the result of such violation of duty." (Union Pac. Railway Co. v. McDonald,152 U.S. 262, 283.) In Hayes v. Mich. Cent. Railroad Co. (111 U.S. 228, 240) the court again says, in reference to a fencing statute for protection of animals, that "although in the case of injury to persons by reason of the same default, the failure to fence is not, as in the case of animals, conclusive of the liability, irrespective of negligence, yet an action will lie for the personal injury, and this breach of duty will be evidence of negligence." This statement, however, is purely obiter, for in the case before the court the ordinance in question expressly provided for fences to prevent animals straying on the tracks "and to secure persons and property from injury." It should be noticed that the McDonald case is referred to in Amberg v.Kinley (214 N.Y. 531) but *Page 100 
only with reference to another question then before the court.
Had the language of the Colorado statute and that of the Railroad Law been substantially identical, our respect for the decisions of the Supreme Court should require us to reach the same result, but the language of the former may be so interpreted as to require a fence in any event, and the reference to horses and cattle simply as fixing the nature of the fence which is to be built. With us, on the other hand, the object for which the fence is ordered is clearly defined. So, we do not think Judge HARLAN'S opinion should control us. Giving effect, therefore, to the intent of the legislature we should hold that the absence of the fence, under the circumstances, was neither a breach of a statutory duty owing to the deceased nor was it the basis for any claim of negligence.
The judgment of the Appellate Division should be reversed, and that of the trial court affirmed, with costs in this court and in the Appellate Division.
HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND and CRANE, JJ., concur.
Judgment reversed, etc.