JOHN KEANE, an Infant, by PATRICK J. KEANE, His Guardian ad Litem, and PATRICK J. KEANE, Respondents, *v.* GERTRUDE FELSHIN and MORRIS A. GOLDBERGER, Appellants.

First Department, December 18, 1939.

*Joseph F. Murray* of counsel [*Edward L. Johnson,* attorney], for the appellants.

*Alfred J. Talley* of counsel [*Joseph A. Kennedy* with him on the brief; *Talley & Lamb,* attorneys], for the respondents.

CALLAHAN, J. On May 1, 1935, the infant plaintiff herein was playing in the roadway of West One Hundred and Thirty-first street between Convent and Amsterdam avenues in the city of New York. He was run down and injured by defendants' automobile. A hospital was situated at the corner of Convent avenue and One Hundred and Thirty-first street.

Upon the trial the plaintiffs proved that a sign was displayed on One Hundred and Thirty-first street, near the place of the accident, which read as follows:

" Notice
" Hospital Street
" Drive Slowly
" Make No Unnecessary Noise
" Under Penalty of the Law."

It is conceded that this sign was posted pursuant to section 131 of article 12 of chapter 23 of the Code of Ordinances of the City of New York. That section reads as follows:

" § 131. Hospital streets. The several borough presidents are hereby authorized to erect on lamp-posts, or, in the absence of lamp-posts, on such posts as they may find occasion to erect, at corners intersecting streets on which may be located a hospital, lying-in asylum, sanatorium or other institution reserved for the treatment of the sick, a sign or signs displaying the words, ' Notice — Hospital Street,' and such other warning or admonition to pedestrians and drivers to refrain from fast driving or making any noise as may tend to disturb the peace and quiet of any or all of the inmates of such institution. No person shall make any unnecessary noise, nor drive at a speed faster than a walk, on any street designated as a ' Hospital Street,' for which such warning signs have been erected. (C. O. § 260e.) "

Plaintiffs have recovered judgments based on verdicts in their favor.

Defendants claim that several errors were committed upon the trial which required reversal. None of these assignments of error requires discussion, other than that made in connection with an exception taken by the defendants to a portion of the trial court's charge to the jury, which stated that if the ordinance above referred to had been violated by the driver of the defendants' car, the jury might find that such violation was some evidence of negligence.

It would appear that no portion of section 131 of the Code of Ordinances could possibly be applicable to the issue of negligence except that part relating to fast driving or driving " at a speed faster than a walk." There was evidence in the case placing the speed of defendants' car at rates varying from fifteen to thirty miles per hour. The higher rate alluded to might have justified a finding by the jury of a violation of the general traffic regulations applicable to the speed of vehicles on the streets of the city of New York. (See § 17, art. 2, chap. 2█ of the Code of Ordinances.) No instructions were given to the jury concerning such general traffic regulations, nor was any request made for such instructions. The effect, therefore, of the portion of the charge complained of is that it permitted the jury to find that if the defendants' car was

being driven " at a speed faster than a walk," such speed would constitute a violation of the law and might be some evidence of negligence.

We think that this instruction was erroneous and deem the error prejudicial.

Article 12 of chapter 23 of the Code of Ordinances of the City of New York, in which section 131 is found, is entitled " Noises." The various sections contained therein all relate to the regulation of agencies which might produce noise. Although section 131 contains a prohibition against fast driving, we find from an examination into the history of the section that the provision was placed in the law solely to prevent the making of noise. Section 131 was first enacted in its present form in the year 1915, when the Ordinances of the City of New York were codified generally. Prior to that year the matters regulated by section 131 were covered by two former ordinances, known as sections 260e and 260f. These sections were part of chapter 5 of the former city ordinances relating to the duties of borough presidents. The title found over these former sections was " Warning Signs to Preserve the Peace." The former section 260e related to the contents of the notices that might be posted, and section 260f to the punishment for violation of the ordinance. Section 260e read:

" § 260e. The several Borough Presidents are hereby authorized to erect, within their discretion, on lamp-posts, or, in the absence of lamp-posts, on such posts as they may find occasion to erect, at corners of intersecting streets, avenues or thoroughfares on which may be located a hospital, lying-in asylum, sanatorium or other institution reserved for the treatment of the sick, a sign or signs displaying the words, ' Notice — Hospital Street,' and such other warning or admonition to pedestrians and drivers to refrain from making any or such noises or fast driving as may tend to disturb the peace and quietude of any or all of the inmates of any such institution."

It is to be noted that the admonition given to pedestrians and drivers under the old section was in substance that they refrain from making any noise or from such fast driving as might tend to disturb the peace and quiet of inmates of the institutions mentioned. This phraseology clearly indicated that the reference made to fast driving was inserted solely for the purpose of preserving quiet.

In combining the two former sections the codifiers transposed the terms found in section 260e so as to make the same read as we now find it: that is, that drivers are to refrain from fast driving or from making any noise that might tend to disturb the peace. Grammatically, as the new section is phrased, because of the use

of the disjunctives " or " and " nor," driving " at a speed faster than a walk " might be considered a violation of the new section, irrespective of the effect it might have in creating noise. That it was not the purpose of the codifiers to change the ordinance to one for speed regulation may be deduced from the statement made by Mr. Cosby in his preface to the publication of the ordinances for 1915, which shows that the new code then prepared was drafted by a committee on codification of the board of aldermen for the purpose of rearranging and regrouping the ordinances. It would seem clear that no marked change in the substance of the law was intended to be made by the transposition referred to above, and that the ordinance in question was to remain one regulating noises. We think that it is clear that the codifiers did not intend to alter this ordinance from an anti-noise ordinance to one regulating the speed of vehicles as such and thus to limit the rate of speed of vehicles on hospital streets, so that automobiles might not proceed at a rate faster than a walk. The prohibition against driving at a speed faster than a walk undoubtedly was intended to apply to horse-drawn vehicles, because driving such vehicles at a rapid rate of speed increased the noise resulting from their passing. It is well known that the operation of a motor vehicle at a rate not faster than a pedestrian or a horse might walk would tend to increase instead of diminish the noise resulting from such operation. Construing this ordinance so as to require automobiles to slow down to a speed that would increase rather than diminish a noise would defeat the very purpose of the law.

We had occasion to discuss the present ordinance in the case of *Falcone* v. *National Casket Co.* (190 App. Div. 651). In that case we held that the ordinance had no application to the speed at which automobiles were to be driven. The sign posted in that case read as follows:

" Walk Your Horses

" Make No

" Unnecessary Noise

" Under penalty of the law.

" President, Borough of Manhattan."

In our opinion in that case we said that if the sign involved had referred to automobiles there might have been more reason for the suggestion of the trial court in the case then before us that the ordinance was applicable to street accidents. But the gist of our holding in the *Falcone* case (*supra*) is found in the following statement (p. 654): " The ordinance under which the signs were erected was manifestly for the purpose of securing quiet and minimizing noise in the neighborhood of hospitals and sanatoriums or other

institutions for the treatment of the sick, and the office of the signs in question was to warn pedestrians and drivers to refrain from disturbing the quiet of the neighborhood by fast driving or other noises. These signs could have no possible bearing upon the question of the negligence of the chauffeur or the contributory negligence of plaintiff's intestate in the case at bar."

In the present case we find that, although the language used on the sign was sufficiently broad to include a reference to automobiles, the ordinance was intended to be limited to the subject of noise, and had no bearing on the present issue. The question here is not one as to the class of persons to be protected by the ordinance but rather as to the nature of the thing intended to be regulated. The object for which this ordinance exists is clearly defined. There was no legislative intent to safeguard any individual using the streets adjacent to the hospital. Under the circumstances there was neither breach of a statutory duty owing to plaintiff, nor could indulgence in speed " faster than a walk " be the basis of any claim for negligence. (*Di Caprio* v. *N. Y. C. R. R. Co.,* 231 N. Y. 94.)

We find nothing in the case of *Trent* v. *International R. Co.* (249 App. Div. 17; affd., 273 N. Y. 622) contrary to our present holding. There the court was construing subdivision 12 of section 81 of the Vehicle and Traffic Law, which provided that the driver of any vehicle or street surface car, upon approaching a bridge or in passing a public hospital or school, should proceed with extreme care and with the vehicle or street surface car under control, provided signs had been posted to warn drivers of their approach to such structures. The accident involved in that case occurred in front of a teachers' college when an automobile in which the plaintiff was riding was struck by one of defendant's trolley cars. The passengers in the automobile were attending a dance at the college. The trial court charged the jury that the driver of the street car was under the duty to use extreme care at the point of the accident. The defendant asserted that the Legislature did not intend to enforce the provision requiring extreme care except to protect students proceeding to or going from college classes. The appellate court held in that case that the statute was broad enough to afford protection to the public generally, including those visiting the school for extra curriculum activities. Accordingly, the charge to the jury was upheld. But the statute involved in the *Trent* case (*supra*) was plainly intended to provide additional safeguards for those entering or leaving schools and hospitals by regulating the speed of vehicles passing such buildings. In the case before us the ordinance primarily related to the regulation of noise and was not intended to provide

additional safeguards for those upon the street adjacent to the hospital.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., GLENNON and COHN, JJ., concur; DORE, J., dissents.

DORE, J. (dissenting). The injuries of the infant plaintiff incurred as a result of the accident were admittedly serious. The parties stipulated to omit from the record the medical testimony and no point is raised on appeal that the verdicts of $10,000 in favor of the infant plaintiff and $2,000 in favor of his father, as guardian *ad litem*, were excessive. Defendants' contention on appeal is that the court's charge on the ordinance relating to a hospital street was erroneous and inapplicable and on that basis defendants ask for reversal of the judgment and a new trial. The action was tried and submitted to the jury as a common-law action for negligence, not an action for breach of a statute or ordinance. As the trial court properly charged, there were two separate and irreconcilable versions of the happening of the accident. Plaintiffs' version was that while the infant plaintiff was standing still in a crouching position in the street with his back toward the direction from which the car was approaching he was run down by the car. Defendant Goldberger testified that the boy suddenly ran out into the street backwards as if he was trying to catch something, and thus ran into defendants' car.

Obviously, if the jury had not accepted plaintiffs' version of the accident and rejected defendants' version it could not have found verdicts in plaintiffs' favor. From the nature of the divergent claims, the instructions on the ordinance could have no real weight on the jury's determination of the salient issues of fact in the case. The court properly instructed the jury that if the boy ran into the car the verdict must be for the defendants; but if the jury determined the boy was standing still and was run down carelessly and recklessly, the jury must then consider whether the boy was guilty of contributory negligence. Such were the real issues on the trial. Accordingly, assuming there was error in charging on the ordinance, it was immaterial and not prejudicial error.

That the hospital signs were on the street was shown without objection or exception, and the sign appears on one of the photographs introduced without objection. The exception to the charge relating to the ordinance gave no indication of the basis of objection now urged on appeal. Defendants' counsel merely excepted to that part of the charge " in respect to the ordinances in connection

with hospitals." And immediately thereafter defendants' counsel requested a further charge that the violation of an ordinance can be considered evidence of negligence only where it is the proximate cause of the accident. Following the colloquy regarding the ordinance, this request amounted to an enlargement of the charge relating to the ordinance at the request of defendants' counsel.

The verdict in plaintiffs' favor was not against the weight of the evidence but is amply supported by the evidence. In view of the nature of the proof on both sides, the error, if any, with regard to the ordinance could not have misled the jury on the real issue for their consideration.

Accordingly, I dissent and vote to affirm the judgment appealed from.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.