DAVID A. KLEIN, Plaintiff, *v.* HERLIM REALTY CORP., Defendant.

Supreme Court, Trial Term, Bronx County, March 20, 1945.

*Wikler, Gottlieb & Wikler* for plaintiff.

*Arnstein & Schwartz* for defendant.

BOTEIN, J. The facts in this case, as submitted to me on an agreed statement, are as follows: Defendant owned, managed and controlled an apartment house in the borough of The Bronx, reserving to itself control of the hallways and lobbies. At about 5 A.M. on March 23, 1943, a blackout was ordered for the New York area, and plaintiff, a volunteer air raid warden, entered the premises to ascertain why the vestibule or hall lights, which were visible from the outside, had not been extinguished.

Upon entering, plaintiff met two other wardens who had attempted unsuccessfully to arouse the superintendent of the building. Plaintiff searched for a switch controlling the ceiling lights but found none. He looked for a chair or other article of furniture in the lobby or vestibule and found none. The ceiling in the lobby is approximately nine and one-half feet from the ground, and in order to reach it, the two other wardens

interlocked their hands and lifted the plaintiff to a sufficient height to enable him to unscrew the electric light bulbs which were still burning. There were four such bulbs burning in different portions of the lobby, all four of which were visible from the street. Upon extinguishing each of the bulbs the two air raid wardens lowered the plaintiff sufficiently to permit him to step on the ground. When the fourth bulb was unscrewed, the lobby was left in total darkness. As the two wardens were lowering the plaintiff in the same fashion as had been followed previously, and sufficiently low to permit him to step off to the ground, the plaintiff, stepping off in total darkness, missed his step, fell, and sustained a fracture of the left ankle. He sues to recover damages for personal injuries.

At the time in question subdivision 2 of section 101 of the New York State War Emergency Act (L. 1942, ch. 445, as amd.) provided that " Any person who shall violate or disobey any duly promulgated rule, regulation or order concerning (a) the effective screening or extinguishment of all lights, lighting devices and appliances  *  *  *  shall be guilty of an infraction."

There was no light switch in the corridor. There were no facilities for screening or shading the lights so as to prevent illumination in the corridor from being visible from the exterior of the building. Apparently the only device for extinguishing the lights centrally was in the control of the superintendent. Plaintiff and his associates were unable to arouse him, with the result that the rules and regulations governing blackouts, as promulgated by the Police Department and the State Director of Civilian Protection, were violated by defendant.

One of plaintiff's duties as an air raid warden was to " direct the enforcement of lighting restrictions so as to insure effectiveness of a blackout " (*vide* Police and Warden Duties in Wartime [published by Air Warden Service, Police Department, New York City, 1942], ch. III, § D, subd. 3). In its essential aspects, plaintiff's services to the community were not unlike the service of a fireman or patrolman in the performance of duty. Plaintiff was therefore more than a bare licensee on defendant's premises; his relationship bordered on that of an invitee, to whom defendant owed the duty of reasonable care under all the circumstances. (*Meiers* v. *Koch Brewery,* 229 N. Y. 10.)

Where a statutory duty is imposed upon one for the direct protection of another, and the latter is injured because this duty is not performed, a cause of action arises in his favor

based upon the *statute*. Where the statute or ordinance is general in character, such as, for example, one defining the degree of care to be exercised in a calling or occupation, failure to use such care is evidence more or less conclusive of negligence, and one injured as a result thereof has a cause of action in *negligence*. (*DiCaprio* v. *N. Y. C. R. R. Co.*, 231 N. Y. 94, 97.)

The regulation or statute which defendant in this case violated was not enacted for the direct benefit or protection of air raid wardens, but to promote the defense and safety of our population generally. Consequently, even though defendant did not obey the statute, there is no liability to plaintiff unless plaintiff's injury resulted from defendant's disobedience of the statute. (*DiCaprio* v. *N. Y. C. R. R. Co., supra; Boronkay* v. *Robinson and Carpenter*, 247 N. Y. 365, 368.) In other words, plaintiff is not entitled to recover unless it is established that defendant's negligence was the natural and proximate cause of plaintiff's injuries. (*Laidlaw* v. *Sage,* 158 N. Y. 73; *Perry* v. *Rochester Lime Co.,* 219 N. Y. 60.)

Plaintiff's injuries were not caused by lack of reasonable care on the part of defendant in the maintenance or operation of its property for the purposes for which it was intended to be used (cf. *Meiers* v. *Koch Brewery, supra*); they were caused by an accident occurring while plaintiff, in implementing a method which to him seemed appropriate under the circumstances, attempted to enforce compliance with the statute.

True, the violation of the statute constitutes negligence, but there is in this case no causal connection between the injury plaintiff received and defendant's disregard of the statutory prohibition or mandate. Here, defendant's negligence merely furnished the condition or occasion upon which the injuries were received, but they did not put in motion the agency by which the injuries were inflicted.

Plaintiff argues that the defendant's violation '' set in motion a chain of events which culminated in the accident complained of '', and that '' the ultimate test is whether this accident would have occurred had the defendant complied with its statutory obligation ''. In section 431 of volume 2 of Restatement of the Law of Torts (comment a), the rule is stated as follows: '' In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. * * * The negligence must also be a substantial factor * * * in bringing about the plaintiff's harm. The word ' substantial ' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead

reasonable men to regard it as a cause, using that word in the popular sense in which there always lurks the idea of responsibility rather than the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called 'philosophic sense,' yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.''

It is stipulated that, after the last bulb had been extinguished, and after the plaintiff had been lowered by his companions sufficiently to permit him to step to the ground, he *missed his step* in the darkness and fell, thus sustaining his injuries. Defendant, however, had done nothing to cause or provoke plaintiff to *miss his step*. A series of new and unexpected causes intervened and brought on the injury, the direct and proximate cause being the fact that plaintiff himself missed his step.

Plaintiff's injury was not the natural and probable consequence of a violation of the statute. It resulted from a cause independent of defendant's negligence in violating the statute. It happened because of an intermedial accident which no one in the position of the defendant could reasonably have anticipated. The dominant feature of foreseeability, which so largely influences the law of negligence, likewise extends to its contributory aspect of proximate cause. (See *Babcock* v. *Fitzpatrick*, 221 App. Div. 638, and cases cited therein.)

I find that defendant's negligence was not the proximate cause of plaintiff's injury and direct judgment in favor of defendant.