CROCINA CALLEGARI et al., Respondents, *v.* PRACTICAL CONSTRUCTION Co., INC., Appellant, et al., Defendants.

First Department, December 18, 1958.

*Solomon Boneparth* of counsel (*McGinnis, Lyons & Lewis,* attorneys), for appellant.

*Nathaniel Rothstein* of counsel (*Hyman R. Friedman* with him on the brief; *Friedman & Friedman,* attorneys), for respondents.

McNALLY, J. Defendant-appellant Practical Construction Co., Inc., appeals from a judgment in the sum of $7,735.50 entered in favor of plaintiffs-respondents after trial before a jury.

Appellant contends that actionable negligence was not established; that plaintiff wife was guilty of contributory negligence as a matter of law; and there were errors in the charge.

Plaintiffs own and occupy premises 1610 Adams Street, Borough of Bronx, City of New York. In adjacent premises, 1600–1608 Adams Street, alterations consisting of the addition of one story to the building thereon were in progress on September 1, 1954. The grade of Adams Street had been raised so that the lower two stories of both buildings were below and the third story was above the street level. Plaintiffs' premises and the

building wherein the accident allegedly occurred were separated by a cement walk about four feet wide. Two days prior to the accident on September 1, 1954, plaintiff wife had complained to appellant's foreman about debris falling from the site of the alteration onto the cement walk.

At 9:00 A.M. on September 1, 1954, plaintiff wife proceeded to the premises being improved by the appellant for the avowed purpose of complaining of the continued precipitation of debris upon her premises and demanding that the appellant cease and desist from continuing with the work unless it erected a barrier to prevent the debris from falling upon plaintiffs' premises. Plaintiff wife entered appellant's premises by way of a concrete platform; when she entered she observed the platform was almost clean. Plaintiff wife left by way of the same platform and at that time observed debris, including the very piece of concrete over which she later fell. She proceeded because she did not think it was dangerous, although aware that the area near the wire fence on her left as she was proceeding out of the premises was almost clear of debris and afforded a safer means of egress.

The issue litigated was whether the plaintiff wife was a licensee or invitee. The theory on which the plaintiff wife tried her case makes it manifest that the best that can be said for her status under the circumstances is that she was a licensee. (*Garthe* v. *Ruppert,* 264 N. Y. 290, 294; *Hauer* v. *Rudden,* 288 N. Y. 655; *Kendzior* v. *Lehigh Valley R. R. Co.,* 280 N. Y. 761; *Gillen* v. *Home Owners' Loan Corp.,* 287 N. Y. 781; *Fox* v. *Warner-Quinlan Asphalt Co.,* 204 N. Y. 240, 243; *Johnson* v. *Cerretta Dietrich Inc.,* 279 N. Y. 664.) However, rather than dismiss the complaint, we are granting a new trial in the interest of justice. We are so inclined because plaintiff wife may be able to establish that she was rightfully on the premises where the alleged accident took place (cf. *Klein* v. *Herlim Realty Corp.,* 184 Misc. 852, affd. 269 App. Div. 934; *Beedenbender* v. *Midtown Properties,* 4 A D 2d 276, 281) by reason of the fact that one who by his own tort evokes or causes the victim of the tort to come on his premises may be liable for the injury sustained if it was reasonably foreseeable that (1) the alleged tortious act of appellant would cause plaintiff wife to so do; or (2) that plaintiff wife acted as a reasonable person in so doing and did not incur excessive danger. (Restatement, Negligence, §§ 443–445.) On the new trial testimony would be relevant with reference to the time lapse between the appellant's alleged first act of wrongdoing, that is, the casting of the debris, and the plaintiff wife's entry onto the premises where the alteration was in progress; and the

fact that plaintiff wife had alternatives with time to reflect. Were it not for the fact that the conduct of plaintiff wife may have been reasonably responsive to appellant's alleged tortious acts, we would be inclined to hold her guilty of contributory negligence as matter of law in omitting to select the path adjacent to the wire fence as a safer means of exit. (*Fillis* v. *Wahlig*, 267 App. Div. 781, affd. 293 N. Y. 710; *O'Connor* v. *1751 Broadway*, 1 A D 2d 836, affd. 2 N Y 2d 769.)

The judgment should be reversed on the law and on the facts, and, as a matter of discretion, a new trial should be directed, with costs to abide the event.

BREITEL, J. P., RABIN and VALENTE, JJ., concur; STEVENS, J., concurs in the result only.

Judgment unanimously reversed on the law and on the facts, and, as a matter of discretion, a new trial is directed, with costs to abide the event.