Fuchsberg, J.
On a clear morning on East 138th Street in Bronx County, an eastbound bus operated by appellant Timothy Sheehan and owned by appellant Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) was brought to a gradual stop at the street’s intersection with Jackson Avenue for the purpose of permitting any passengers who wished to do so to board or alight. While so stopped, the bus was struck from the rear by a sanitation truck operated by respondent Anthony Loria and owned by respondent the City of New York (City). Sheehan and respondent Walter Novak, Jr., a passenger in the bus, were injured.
*500 East 138th Street is a two-way street; in each direction it has two lanes, one along the curb where vehicles generally parked and the second along the center line where moving vehicles usually traveled. The block on which the bus had been proceeding before it reached the corner was about 300 feet long. It is undisputed that Sheehan’s brake lights had signaled his intended stop and that it had been a slow and gradual one. The truck driver had noticed the brake lights when he was still 150 feet behind the bus. Both vehicles were then in the traveling lane. There was no vehicle between them to obstruct Loria’s line of sight. Loria did not deny that he knew where the bus had stopped or that he had sufficient opportunity to stop his truck safely, but testified that when he attempted to do so his brakes did not hold. A designated bus stop was located at the southeast curb at the Jackson Avenue intersection. Sheehan testified he could not pull completely into it because cars were parked there at the time; Loria remembered no such obstructing vehicles.
The appeals here are in two separate personal injury actions which were tried together before a jury, one brought by Sheehan against the City and Loria, the other by Novak against the owners and operators of both vehicles.
Before the trial court charged the jury, it denied motions for dismissal of Novak’s case against MABSTOA and Sheehan and for a directed verdict in favor of Sheehan, each urging a failure of proof to establish either negligence in the operation of the bus or legally cognizable cause between its manner of operation and its collision with the truck. During its charge, the court recited section 122 of the New York City Traffic Regulations, which reads: "Bus stops. No driver of a bus shall pick up or discharge passengers on any street except at bus stops designated by the Commissioner of Traffic” in writing. Over exception, it then responded to a request that it "charge that the mere stopping of the bus in the traffic lane is in and of itself not negligence” in the following language: "I so charge. You take into consideration all the other facts and circumstances in the evidence.”
At the conclusion of its deliberations, the jury brought in a verdict in the amount of $50,000 against both drivers and owners in Novak’s case, apportioning the negligence between them under Dole v Dow Chem. Co. (30 NY2d 143) and, *501 consistently,[1] decided against Sheehan in his suit against the City and Loria. On motions of MABSTOA and Sheehan, the court, on the grounds that no prima facie case of liability had been made against them and that "it shocks the conscience of this Court”, then set aside the Novak verdict insofar as it held MABSTOA and Sheehan liable and directed that the entire amount of the damages it awarded be assessed against the City and Loria alone. It also set aside the verdict in the Sheehan case, in which it ordered a new trial. The Appellate Division, by a vote of three to two, reversed a judgment and an order entered on those decisions and reinstated the verdicts.
The liability arising from the operation of the sanitation truck is now no longer contested. The essential question raised on this appeal is whether, under the facts in these cases, the City and Loria alone are liable because, as a matter of law, there was no proof that the conduct of Sheehan was causally connected with the collision. For the reasons which follow, we conclude there was no such legal connection and that the order of the Appellate Division should be reversed.
Though negligence and proximate cause frequently overlap in the proof and theory which support each of them, they are not the same conceptually. Evidence of negligence is not enough by itself to establish liability. It must also be proved that the negligence was the cause of the event which produced the harm sustained by one who brings the complaint (Saugerties Bank v Delaware & Hudson Co., 236 NY 425; 1 Shearman and Redfield, Negligence, §§ 34, 35, 36; 1 Warren’s New York Negligence, § 5.06). "The measure of the defendant’s duty in determining whether a wrong has been committed is one thing, the measure of liability when a wrong has been committed is another” (Spade v Lynn & Boston R. R. Co., 172 Mass 488, 491 [Holmes, J.]; quoted in Palsgraf v Long Is. R. R. Co., 248 NY 339, 349).
Furthermore, proximate cause is no less essential an element of liability because the negligence charged is premised in part or in whole on a claim that a statute or ordinance, here a traffic regulation, has been violated (Homin v Cleveland & Whitehill Co., 281 NY 484, 488; Boronkay v Robinson & Carpenter, 247 NY 365).
*502 Therefore, if either negligence or proximate cause relating to Sheehan’s conduct was not established, the question of his and his employer’s liability as defendants, as well as the question of whether he was barred from recovering as a plaintiff, should not have been submitted to the jury (see Restatement, Torts 2d, § 434; Weiner, Civil Jury Trial and the Law-Fact Distinction, 54 Cal L Rev 1867, 1882-1883; James, Functions of Judge and Jury in Negligence Cases, 58 Yale LJ 667, 676-677).
In the case before us, we are not faced with the kind of issues of fact, heavily disputed and imbued with shadings and inferences, which so often characterize a negligence suit. This case is singularly appropriate for the exercise of the trial court’s screening function since there is so little factual controversy. Both sides agree that the truck struck the bus in the rear, that the bus had been within the truck driver’s uninterrupted view continually for a long distance before the impact and long after the signal of its intended stop had been transmitted to the truck, that it at no time had left the truck’s path, that its stop was engineered slowly so that no element of surprise was involved and that it was the failure of its brakes which propelled the truck into the bus.
The only factual dispute was as to whether other automobiles then occupied the designated bus stop, a matter which here is irrelevant to the determination of proximate cause. Assuming the designated stop was available for the bus’s use, if it had in fact stopped there and, having discharged or boarded its passengers, pulled back into the traveling lane before proceeding across the intersection, it would, properly, have been in exactly the same position at which it found itself when it was hit. Or, if observing no prospective passengers in the stop and having none who wished to alight at that corner, the bus driver had decided not to go through the proper practice of pulling in and out of the stop, but, preparatory to crossing, had merely stopped in the traveling lane at the corner before doing so, his bus would have been in precisely the same position. In short, the bus at the time of the accident appears merely to have been at one point in the street where it had a right to be (the traveling lane) rather than at another point in the street where it had a right to be (the bus stop). The result of the sanitation truck’s brake failure would have been no different, if, perchance, a pedestrian or a vehicle other than the bus had been using the street at that point at *503 that time and had instead become the target of the truck’s faulty brakes.
Unlike the situation in O’Neill v City of Port Jervis (253 NY 423), where defendant’s active obstruction of a street compelled the injured party to detour to a place of danger, or that in Commisso v Meeker (8 NY2d 109), where the partial blocking of a two-lane noncity highway took place at an hour of the night when heavy traffic was to be expected, no act of the bus in the case before us caused the sanitation truck to be any place other than where it was. We conclude, therefore, as a matter of law, that the conceded negligence of the sanitation truck was the sole proximate cause of the injuries and that the continued presence of the bus in the traveling lane at the time it was struck merely furnished the condition or occasion for the occurrence of the event rather than one of its causes (cf. Rivera v City of New York, 11 NY2d 856; Ryan v New York Cent. R. R. Co., 35 NY 210; Klein v Herlim Realty Corp., 184 Misc 852 [Botein, J.], affd 269 App Div 934). This is especially so in the light of the fact that the absence or presence of prima facie proof of proximate cause was not dependent on pure logic alone but was rather to be determined by the trial court "upon mixed considerations of logic, common sense, justice, policy and precedent” (Pagan v Goldberger, 51 AD2d 508, 510 [Hopkins, J.], quoting Prosser, Torts [4th ed], § 42, p 249, which in turn quotes 1 Street, Foundations of Legal Liability, p 110).
In addition, it appears quite clear that, if the bus’s stop in the traveled lane could, on any view of the circumstances here, be regarded as a proximate cause of the accident, the failure of the truck’s brakes might have been an independent, supervening cause. Though, where either of two independent acts of negligence may be found to be concurring, that is, direct causes of an accident, the perpetrator of either or both may be found responsible for the whole harm incurred (Dunham v Village of Canisteo, 303 NY 498, 504; Slater v Mersereau, 64 NY 138; see, also, Prosser, Joint Torts and Several Liability, 25 Cal L Rev 413, 435-439; 1 Harper and James, Torts, §§ 10.1-10.2), when such an intervening cause "interrupts the natural sequence of events, turns aside their course, prevents the natural and probable result of the original act or omission, and produces a different result that could not have been reasonably anticipated,” it will prevent a recovery on account of the act or omission of the original wrongdoer (1 *504 Warren’s New York Negligence, § 5.08, p 122; see, also, Leeds v New York Tel. Co., 178 NY 118, 121-122; cf. McLaughlin v Mine Safety Appliances Co., 11 NY2d 62).
Novak’s complaint against MABSTOA and Sheehan should therefore have been dismissed before the cases went to the jury, and a verdict on the issue of liability should then have been directed in favor of Sheehan in his affirmative case. Having failed to do so at the end of the entire case or to remedy that defect in its charge, the trial court, in correcting the error by granting the motions after the verdict on the ground that there was no prima facie case of liability as to the bus owner and operator, albeit rationalizing its ruling in terms of negligence rather than proximate cause, merely anticipated the relief to which MABSTOA'and Sheehan would have been entitled on appeal.
As to any confusion which may have arisen over the instructions regarding the application of section 122 of the Traffic Regulations,[2] the Appellate Division’s order would appear to be nonreviewable (Micallef v Miehle Co., 39 NY2d 376, 381-382).
Accordingly, the order of the Appellate Division, which was on the law, should be reversed and the matter remitted to the Appellate Division for a consideration of the facts as required by CPLR 5613 and for such further proceedings as are consistent with this opinion.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur.
Order reversed, with costs, and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.

. The case was tried before the enactment of comparative negligence (CPLR 1411). That statute is not retroactive, applying only to accidents occurring before its effective date (CPLR 1413).

. The trial court first charged "The fact that the bus is in the traffic lane, that is not negligence”. Then, after charging section 122 at the request of the City and summarizing its contention that it had been violated and that the violation was evidence of negligence, the court said to the jury: "What do you say? What do you find? Is that negligence or was it not? You determine that and you determine that question * * * And whether there weren’t any cars in the bus stop, he stopped there, would you say that was negligence on his part? Was he not careful under the circumstances or was he? You determine that question and those questions.” Nevertheless, when, at the conclusion of the charge exception was taken, apparently in the presence of the jury, the court stated: "Well, I quoted that to the jury, but I held it had no application to this case” and "Yes, I read that section to you, that the Court holds, as a matter of record, that that section has no application to these cases. So you keep that—you disregard that entirely”.