■ AGUSTINE NIEVES et al., Appellants, v CITY OF NEW YORK et al., Defendants, and JOHN DAVIS et al., Respondents. (Action No. 1.) (And a Second Action.)—In consolidated negligence actions to recover damages for personal injuries, the appeal, as limited by appellants' brief, is from so much of an order of the Supreme Court, Kings County, dated February 28, 1977, as granted the moving defendants' motions for summary judgment as against plaintiffs Nieves and dismissed the said plaintiffs' complaint as against the moving defendants. Order affirmed insofar as appealed from, without costs or disbursements. The plaintiffs Nieves were passengers in a car operated by defendant Gomez. Defendant Davis was the owner of a tractor trailer which was parked on the sidewalk in front of premises occupied by defendants Lipsett Steel Products, Inc., and Lipsett, Inc. The tractor trailer was struck in the rear by the car in which the plaintiffs Nieves were riding. The collision occurred after the car struck a water-filled pothole, went out of control, mounted the sidewalk and struck the rear of the tractor trailer. The undisputed testimony of the injured plaintiffs at the pretrial hearings and examinations before trial clearly demonstrates that even if the moving defendants were negligent in maintaining the sidewalk and in parking the tractor trailer on it, as a matter of law, such negligence was in no way proximately related to the cause of the accident. Therefore, the moving defendants could not be held liable for the personal injuries suffered by the plaintiffs in the accident (see Basso v Miller, 40 NY2d 233, 242; Sheehan v City of New York, 40 NY2d 496, 501; Tedla v Ellman, 280 NY 124). We find no merit in any of appellants' other contentions. Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.