■ STEVEN SCHWARTZ et al., Appellants, v LONG BEACH CITY SCHOOL DISTRICT et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County, dated October 18, 1977, which (1) denied their motion for summary judgment and (2) granted defendants' cross motion to strike the claim for punitive damages from the complaint. Order modified by (1) adding at the end of the provision denying the plaintiffs' motion for summary judgment the following: "except that the motion is granted to the extent that pursuant to CPLR 3212 (subd [g]) it shall be deemed established

for all purposes in this action that the plaintiffs were not guilty of contributory negligence", and (2) deleting the provision which granted the defendants' cross motion to strike the claim for punitive damages from the complaint and substituting therefor a provision denying said cross motion. As so modified, order affirmed, without costs or disbursements. An automobile operated by plaintiff Steven Schwartz and owned by plaintiff Max M. Schwartz was struck in the rear by a school bus owned by defendant Long Beach City School District and operated by defendant Cleo L. Rush. The defendants admit that the plaintiffs' automobile had duly stopped at a red light and that Rush had ample opportunity to stop the bus without striking the automobile in the rear. The defendants' explanation was that the brakes on the bus "had suddenly failed". Rush's affidavit was to the effect that such failure had not been preceded by any warning or unduly slow stopping after application of the brakes. The defendants did not proffer an affidavit by their mechanic who had actually inspected the brakes after the accident. Since brake failure does not constitute negligence per se (see *Velten v Kirkbride,* 20 AD2d 546; cf. *Sheehan v City of New York,* 40 NY2d 496, whose holding is equivocal on this point) Special Term properly denied summary judgment to the plaintiffs. However, since the defendants' version of the facts clearly shows that plaintiff Steven Schwartz, the driver of the automobile, could not possibly have been guilty of contributory negligence, the lack of contributory negligence "shall be deemed established for all purposes in the action" (see CPLR 3212, subd [g]) and the trial shall be limited, in its liability aspect, to the issue of the negligence of the defendants. Special Term erred in granting defendants' cross motion to strike from the complaint a request for punitive damages. We note that the demand for punitive damages is not set forth as a separate cause of action but constitutes a separate paragraph in the cause of action for property damages. Suozzi, J. P., Gulotta, Shapiro and Margett, JJ., concur.