■ JOSE A. RAMOS et al., Appellants, v CITY OF NEW YORK, Defendant, and PUBLIC ADMINISTRATOR OF NEW YORK COUNTY et al., Respondents. [623 NYS2d 206] —Judgment, Supreme Court,

Bronx County (Bernard Burstein, J.), entered November 26, 1993, which, *inter alia,* on a jury verdict on the issue of liability, found in favor of defendants Boys Athletic League and Castle Hill Community Center, unanimously affirmed, without costs.

The infant plaintiff was injured crossing a street after he passed in front of a double parked van which obstructed the vision of the driver whose car struck him. The court correctly instructed the jury that if it found that the accident occurred at a time when the double parked vehicle was actually loading passengers, then the double parking was lawful at the moment of the accident regardless of the fact that the van had been unlawfully double parked for a period of time *prior* to the accident while awaiting the arrival of its passengers. Under the facts presented at trial, the period of delay while the double parked vehicle unlawfully waited for its passengers could not have been a proximate cause of the accident *(see, Sheehan v City of New York,* 40 NY2d 496). The court's charge on the applicable Traffic Regulations and provisions of the Vehicle and Traffic Law was appropriate, particularly since the court also charged that even if the double parking was not in violation of the Traffic Regulations the jury could still find defendant in violation of its duty of reasonable care, and there was no need to charge former New York City Traffic Regulations § 83 (Obstructing Traffic), which was irrelevant to the facts of this case. Concur—Murphy, P. J., Ellerin, Kupferman, Williams and Tom, JJ.