[854 NYS2d 106]

Norma White, Respondent, v Carlos A. Diaz et al., Defendants, and Manuel A. Nunez et al., Appellants.

First Department, January 24, 2008

### APPEARANCES OF COUNSEL

*Law Offices of Jeffrey S. Shein & Associates, P.C.*, Syosset (*Charles R. Strugatz* of counsel), for appellants.

*Alan A. Tarzy*, New York City, for respondent.

### OPINION OF THE COURT

Saxe, J.

The resolution of proximate cause issues has been troubling

courts and legal scholars for centuries, as they have struggled to articulate a single rule that clearly differentiates cases in which a negligent party may be held liable for resulting harm from cases in which the resulting harm is too remote or unforeseeable (*see e.g. Palsgraf v Long Is. R.R. Co.*, 248 NY 339 [1928]; Carpenter, *Workable Rules for Determining Proximate Cause*, 20 Cal L Rev 229 [1932]; *see generally* Prosser and Keeton, Torts § 41, at 263 n 1 [5th ed] [and articles cited therein]). As Prosser's hornbook observes regarding the law of proximate cause, "There is perhaps nothing in the entire field of law which has called forth more disagreement, or upon which the opinions are in such a welter of confusion" (*id.* at 263).

The often vexatious question of whether a negligent act may be viewed as a proximate cause of an accident, as opposed to merely furnishing the occasion for it, is presented in this appeal. To resolve it, we must consider not only cases involving comparable (although not identical) fact patterns, but also the broader policy concerns behind the legal issues of intervening causation and foreseeability (*see generally* Prosser and Keeton, Torts § 42, at 272-280 [5th ed]).

The car accident in question here occurred on March 23, 2004 shortly before 6:00 A.M., when an Access-a-Ride van that was double-parked on First Avenue near East 94th Street in Manhattan was struck in the rear by a van driven by defendant Diaz and owned by defendant Agramonte. The record reflects that Diaz admitted to falling asleep behind the wheel, and on this appeal no conflicting evidence is offered on this point. Plaintiff was a passenger who had just entered the Access-a-Ride van, which was driven by defendant Nunez and owned by defendant Atlantic Paratransit (the Nunez defendants). Defendant Nunez testified at his deposition that he double-parked in the first lane for moving traffic on First Avenue in front of plaintiff's building to wait for her, because there were no available spots at the curb and he did not see the entrance to the building's parking lot. He said he waited approximately five minutes with his hazard lights on before plaintiff arrived, although plaintiff testified that she was standing at the building door waiting for the van when he pulled up, and got in immediately. In either event, after she got in, but before she was able to put on her seat belt, the accident occurred.

Following discovery, the Nunez defendants moved for summary judgment, arguing that since their van was struck in the rear while stopped, the accident was proximately caused solely

by the negligence of Diaz, and their van's presence in the traveling lane merely furnished the condition or occasion for the accident, as was the case in *Sheehan v City of New York* (40 NY2d 496 [1976]).

In *Sheehan*, a city bus came to a gradual stop at an intersection on East 138th Street in the Bronx, rather than at the curb, to allow passengers to exit, when it was struck in the rear by a sanitation truck with defective brakes. It had not pulled into the bus stop at the curb, the bus driver explained, because cars were parked there. The Court held that as a matter of law the sole proximate cause of the accident was the conceded negligence of the sanitation truck, reasoning that at the time of the accident the bus appeared merely to have been at one point in the street where it had a right to be (in the traveling lane, stopped at an intersection) rather than at another point in the street where it had a right to be (the bus stop). The Court stated that even if the bus had pulled over to the curb to discharge its passengers and then proceeded to the intersection, it would have been in exactly the same position in which it found itself when it was hit (*id*. at 502). Thus, the presence of the bus in the traveling lane "merely furnished the condition or occasion for the occurrence of the event," rather than constituting one of its causes (*id*. at 503). The Court added that even if the bus's stop in the moving lane was regarded as a proximate cause, the failure of the truck's brakes might have been an "independent, supervening" cause of the accident (*id*.).

In *Dowling v Consolidated Carriers Corp.* (65 NY2d 799 [1985]), the Court came to a different conclusion in a situation involving a collision on the shoulder of a highway. In *Dowling*, the plaintiff was a passenger in a truck that had been having problems with a sticking accelerator pedal; in the process of attempting to remedy the problem, the driver accidentally veered off the road, colliding with two buses that were parked on the shoulder of the Long Island Expressway in violation of applicable traffic regulations. The bus defendants moved for summary judgment, arguing that even if their presence on the shoulder was a violation of the traffic regulations and therefore constituted negligence, such negligence was not the proximate cause of plaintiff's injuries, which were instead solely the result of the defective accelerator pedal on the truck (103 AD2d 675, 675 [1984]). However, the Court of Appeals held that there was an issue of fact whether the truck could have been brought to a safe stop had the buses not been in the shoulder (65 NY2d at 801).

The discussion contained in the dissenting memorandum by Justice Kassal at the Appellate Division in *Dowling*, although the dissenters obviously did not prevail, highlights how difficult it is, even for those who are well versed in the law, to clearly determine when the negligence of a second party may be a proximate cause of an accident, as opposed to merely creating the occasion for it (103 AD2d at 677). The dissenters observed that "the action of the truck driver in failing to maintain control of the truck after encountering a mechanical problem with the accelerator pedal, not the position of the buses," was the superseding cause of the accident, notwithstanding that the buses were illegally pulled over onto the shoulder of the highway (*id.* at 679). The *Dowling* dissenters cited *Nieves v City of New York* (63 AD2d 1000 [1978]), a case in which a tractor-trailer illegally parked on the sidewalk was struck by a passenger car that went out of control. There, the Second Department held as a matter of law that the negligent placement of the tractor-trailer "was in no way proximately related to the cause of the accident" (63 AD2d at 1000). Yet, despite the Appellate Division dissenters' observations and views, the view that prevailed at the Court of Appeals in *Dowling* was that the proximate cause determination was properly left to the jury.

In another matter where the question of proximate cause was at the center of the analysis, the Court of Appeals was divided as to whether a cause in fact could legally constitute a proximate cause of a collision (*see Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950 [1978]). There, the plaintiff had leased a car that had a defective trunk latch that opened while the car was being driven, a problem for which the plaintiff had brought it to the rental company for servicing several times. On the occasion in question, plaintiff had parked alongside the curb and was attempting to slam the trunk lid shut when a car parked several lengths behind it jumped ahead, striking plaintiff. The majority held as a matter of law that although the rental company's negligence was a cause of the accident, it was not a proximate cause (45 NY2d at 952). Yet, the dissent argued that an issue of fact was presented as to whether the negligence of the car rental company was a proximate cause of the accident, since there was ample proof that the rental company knew of the defect, making it foreseeable that the driver would pull over to try to fix the trunk lid in place, thereby exposing the driver to the danger of being struck while trying to remedy the problem (*id.* at 953).

Also in contrast to *Dowling* (65 NY2d at 801), in a more recent case involving an accident on the shoulder of a highway, this

Court rejected, as a matter of law, a claim of comparative negligence on the part of the driver of the car that had pulled over (*see Spence v Lake Serv. Sta., Inc.*, 13 AD3d 276 [2004]). The plaintiff in *Spence* had pulled her disabled car onto the shoulder of the road and was in the process of looking under the hood when the tow truck that had pulled onto the shoulder in front of her car to assist her proceeded to roll backwards into plaintiff's car, pinning her against it. This Court held that as a matter of law, plaintiff's decision to look under the hood of her disabled vehicle while it was on the road's shoulder was not one of the proximate causes of the accident, "but merely furnished the condition or occasion for the occurrence of the event" (*id.* at 278).

The foregoing cases illustrate the difficulty of discerning the line between those circumstances in which a second actor's negligence or violation of applicable regulations may be found to have been a proximate cause of a collision and those where it may not. Looked at one way, the present case involves a vehicle similar to the bus in *Sheehan* (40 NY2d at 502); the double-parked van was in a place a vehicle has a right to be, i.e. on the roadway, in the right-hand traveling lane, and it had not stopped short suddenly. An awake driver behind it would have passed it or stopped behind it. Yet, from another perspective, this matter is like *Dowling* (65 NY2d at 801); if the Nunez van had been parked at the curb or in a nearby parking lot rather than double-parked in the traveling lane in violation of traffic regulations, it would not have been in the path of the Diaz van, and plaintiff would not have been injured.

In a number of cases involving double-parked or illegally parked cars where the accident involving a moving vehicle would not have happened but for the improper parking of the second vehicle, courts have declined to rule as a matter of law on the question of whether the violation of a traffic or parking regulation was a proximate cause of the accident. In *Sullivan v Locastro* (178 AD2d 523 [1991], *lv denied* 81 NY2d 701 [1992]), a bus illegally parked in an area where no parking was permitted between 7:00 A.M. and 9:00 A.M. arguably prevented pedestrians from seeing oncoming vehicles and blocked the drivers' view of pedestrians attempting to cross the road, and a child was struck by a car as he tried to check whether it was safe to cross. The Court held that the question of whether the bus's breach of the parking regulation was a proximate cause of the reasonably foreseeable accident was a fact issue for a jury. Similarly, in *Fer-*

*rer v Harris* (55 NY2d 285 [1982]), a child was struck by a car attempting to pass a double-parked ice cream truck, and the Court held that the liability of the ice cream truck driver was a fact question for a jury. And, in *Somersall v New York Tel. Co.* (52 NY2d 157, 168 [1981]), where the plaintiffs, who were gathered on the sidewalk, were struck by a car that mounted the curb, and the driver, who had only a learner's permit, may have been trying to avoid a double-parked utility truck in the road, the Court held that a reasonable jury could conclude that the double parking was a concurrent cause of the accident.

These cases, as well as the *Dowling* case, highlight an important point to keep in mind. Ordinarily, issues of proximate cause are fact questions to be decided by a jury (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). While it is appropriate to decide the question of legal cause as a matter of law "where only one conclusion may be drawn from the established facts" (*id.*), where there is any doubt, confusion, or difficulty in deciding whether the issue ought to be decided as a matter of law, the better course is to leave the point for the jury to decide.

In contemplating the application of the concept of proximate cause here, it is useful to consider the discussion in *Derdiarian* (51 NY2d at 314-315), where the Court focused on the circumstances under which the negligent acts of a third person do and do not sever the causal connection between a defendant's conduct and a plaintiff's injuries. The plaintiff in *Derdiarian* was injured when a car careened onto the excavation site where he was working, due, at least in part, to an epileptic seizure suffered by the driver, who had failed to timely take his medication; the plaintiff alleged that the defendant construction company was negligent in failing to properly safeguard the site. The Court rejected the construction company's challenge to the verdict against it, concluding that it was foreseeable that a worker on the site would be injured by the contractor's failure to make the workplace safe from cars, and that "[t]he precise manner of the event need not be anticipated" (*id.* at 316).

The moving defendants in the case now before us insist that the presence of their van double-parked in a traveling lane "merely furnished the condition or occasion" for the accident, rather than constituting one of its causes (*Sheehan*, 40 NY2d at 503). However, we conclude that a reasonable jury could find that a rear-end collision is a reasonably foreseeable consequence of double parking for five minutes on a busy Manhattan street.

As in *Derdiarian* (51 NY2d at 316), the precise manner of the accident need not be foreseeable. Accordingly, it is not necessary that we find it foreseeable that a driver asleep at the wheel would hit the van; it is enough that it is foreseeable that the flow of traffic being impeded by the double-parked van, an inattentive, careless or distracted driver might not stop in time to avoid the van. Therefore, the motion court correctly concluded that a triable issue of fact exists as to whether the double parking by Nunez proximately caused the accident. Unlike the situation in *Sheehan* (40 NY2d at 503), here a reasonable jury might conclude that if the Nunez van had pulled over to the curb or into a nearby parking lot to wait, it would not have been in the path of the Diaz van and plaintiff would not have been injured.

Finally, the dispute as to whether plaintiff was unable to put on her seat belt because it was stuck, as plaintiff claimed, or because the accident occurred too quickly to allow Nunez time to help plaintiff with her seat belt, or due to some other reason, provides further grounds for the denial of summary judgment against the Nunez defendants.

Accordingly, the order of the Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered May 30, 2007, which denied the motion by defendants Nunez and Atlantic Paratransit for summary judgment on liability, should be affirmed, without costs.

TOM, J.P., MAZZARELLI, MARLOW and WILLIAMS, JJ., concur.

Order, Supreme Court, Bronx County, entered May 30, 2007, affirmed, without costs.