Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered on or about January 8, 2008, which denied defendant’s motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint. Appeal by defendant from order, same court (John A. Barone, J.), entered June 18, 2007, which granted plaintiff’s motion for leave to file a late notice of claim, unanimously dismissed, without costs, as academic.
*258 The infant plaintiff was injured when she fell from the top of a fence that was approximately 10 to 12 feet tall. The fence surrounded a grass area that was not a designated play area. Although the fence was locked, plaintiff gained access to the area where the accident occurred by crawling through a hole in the fence that had allegedly been in existence for more than five years. Plaintiff fell from a different section of the fence after climbing it to retrieve a ball that had become lodged there. Plaintiff does not assert that the portion of the fence from which she fell was defective. Instead, she claims that the presence of the hole facilitated the accident by failing to prevent her from accessing the grass area in the first place.
The complaint should have been dismissed because the connection between defendant’s alleged neglect of the fence and plaintiffs injury is too attenuated to conclude that, even accepting the allegations in the complaint as true, defendant’s malfeasance proximately caused the accident. Rather, the presence of the hole in the fence “merely furnished the condition or occasion for the occurrence of the event rather than one of its causes” (Sheehan v City of New York, 40 NY2d 496, 503 [1976]). The law draws a “sharp distinction” between such a facilitating condition and an act that is a proximate cause of an accident (Lee v New York City Hous. Auth., 25 AD3d 214, 219 [2005]). Concur—Mazzarelli, J.P., Catterson, McGuire, Acosta and Renwick, JJ.