■ NORMA WHITE, Respondent, v CARLOS A. DIAZ et al., Defendants, and MANUEL A. NUNEZ et al., Appellants. [899 NYS2d 166]—

Judgment, Supreme Court, Bronx County (Dominic Massaro, J., and a jury), entered August 7, 2008, awarding plaintiff $471,937.15, unanimously reversed, on the law, and the matter remanded for a new trial.

On a prior appeal, we affirmed the denial of defendants' motion for summary judgment, finding issues of fact as to (1) whether plaintiff's injuries, which were sustained when defendants-appellants' (defendants) Access-A-Ride van was hit in the rear by a vehicle whose driver had admittedly fallen asleep at

the wheel, were proximately caused by the double parking of the van, and (2) "whether plaintiff was unable to put on her seat belt because it was stuck, as plaintiff claimed, or because the accident occurred too quickly to allow [the driver] time to help plaintiff with her seat belt, or due to some other reason" (49 AD3d 134, 140 [2008]).

The court's refusal to give a balanced jury instruction based on this Court's statement that "a reasonable jury could find that a rear-end collision is a reasonably foreseeable consequence of double parking for five minutes on a busy Manhattan street" (49 AD3d at 139) was error. While foreseeability in these circumstances was an issue for the jury which precluded summary judgment, defendants were entitled to a more balanced charge that indicated to the jury that they may conclude that the accident was not a foreseeable consequence of the van being double parked. Furthermore, on the evidence adduced at trial, defendants were entitled to the requested intervening cause charge. In light of these errors, retrial is necessary and we need not consider defendants' remaining arguments. Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Abdus-Salaam, JJ.