■ PORFIRIO IZQUIERDO, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [934 NYS2d 15]—

The City established prima facie that the police officers did not operate the police vehicle in reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104 [b] [2], [3]; [e];

*Kabir v County of Monroe*, 16 NY3d 217 [2011]; *Saarinen v Kerr*, 84 NY2d 494 [1994]). The police officers testified that they were responding to an emergency; that the traffic light was either green in their favor or turned green after they slowed down; and that they were slowly proceeding through the intersection when the codefendants' van hit and pushed them into plaintiff's car. In addition, one of the officers testified that the turret light and siren were on as the police vehicle proceeded through the intersection.

Plaintiff's evidence failed to raise an issue of fact. Plaintiff testified at his 50-h hearing and deposition that, as he approached the intersection, the light was green in his favor and that he noticed the police vehicle heading northbound "slowly" and at an "average speed" with its turret light on. Although plaintiff's testimony that he did not hear a siren conflicts with one of the officer's testimony that the siren was on, this discrepancy is insufficient to raise an issue of fact. Indeed, pursuant to Vehicle and Traffic Law § 1104 (c), police vehicles in emergency situations are not required to send emergency audible signals. This is "because they may need to approach suspected criminals without giving advance notice" (*Kabir*, 16 NY3d at 227 [internal quotation marks omitted]). Here, the officers testified that, at the time of the accident, they were nearing the location of a crime in progress, and plaintiff does not dispute that the officers were responding to an emergency.

In any event, even if the officers operated the vehicle recklessly, the City demonstrated prima facie that the officers' conduct did not proximately cause plaintiff's injury, and plaintiff failed to raise an issue of fact. Indeed, in addition to the foregoing testimony, plaintiff testified that the codefendants' van approached the intersection at a "grand velocity" before hitting the police vehicle, causing the police vehicle to collide into his car (*see Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950 [1978]; *cf. White v Diaz*, 49 AD3d 134 [2008]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Friedman, Renwick, DeGrasse and Freedman, JJ.