■ LASHANA PICKETT, Appellant, v VERIZON NEW YORK INC. et al., Respondents. [10 NYS3d 870]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered October 17, 2014, which denied plaintiff's motion for summary judgment as to liability, unanimously affirmed, without costs.

It is undisputed that plaintiff's car was double-parked in the lane of travel in violation of 34 RCNY 4-08 (f) (1), when it was struck in the rear by defendants' vehicle. Plaintiff failed to make a prima facie showing that her own negligence in double-parking her car in the traveling lane was not a proximate cause of the collision (*White v Diaz*, 49 AD3d 134, 138-140 [1st Dept 2008]; *Gonzalez v Ceesay*, 98 AD3d 1078, 1079 [2d Dept 2012]). We reject plaintiff's argument that her double-parked car's presence in the lane of traffic merely furnished the condition or occasion for the collision, rather than constituting one of its proximate causes, as a reasonable factfinder could conclude that a rear-end collision is a foreseeable consequence of double-parking (*see White*, 49 AD3d at 139). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Clark, JJ.

■ AZRA FASHIUDDIN, Respondent, v AFZAL D. KHAN, Appellant. [10 NYS3d 871]—

Appeal from judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered May 22, 2014, awarding plaintiff $141,156.03, unanimously dismissed, without costs.

The record establishes that the judgment appealed from was entered on defendant's default in responding to plaintiff's motion to vacate and is therefore nonappealable (*see* CPLR 5511; *Marson Constr. Corp. v Illinois Union Ins. Co.*, 276 AD2d 294 [1st Dept 2000]). Defendant's only remedy was to make an application to vacate the order entered March 26, 2009, which granted plaintiff judgment on his default (*see* CPLR 5015; *Hodson v Vinnie's Farm Mkt.*, 103 AD3d 549, 549 [1st Dept 2013]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Clark, JJ.