■ CHANEL MCKENZIE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [27 NYS3d 540]—

Judgment, Supreme Court, Bronx County (Alison Tuitt, J.), entered April 8, 2014, upon a jury verdict in plaintiff's favor, unanimously reversed, on the law and the facts, without costs, the judgment vacated, and the matter remanded for a new trial on the issue of liability.

Plaintiff sustained a fractured ankle when she tripped and fell on "cracks" in a cobblestone crosswalk while attempting to board a bus. The bus was away from the bus stop, with its front doors in the crosswalk, and about five feet from the curb. The jury found defendants and plaintiff negligent, but that only defendants' negligence was a proximate cause of the accident.

Contrary to defendants' contention, plaintiff made a prima facie showing that defendants were negligent in positioning the bus as they did. Plaintiff's testimony that she observed her friend pay her fare immediately before she fell, and the friend's testimony that she saw plaintiff on the ground upon looking back after she paid her fare, permits a rational jury to conclude that the defective condition was in a direct path to the door, compelling plaintiff to board the bus via a treacherous path (*see Blye v Manhattan & Bronx Surface Tr. Operating Auth.,* 124 AD2d 106, 111-112 [1st Dept 1987], *affd* 72 NY2d 888 [1988]).

However, defendants are correct in arguing that the evidence does not support a finding that the driver's violation of 34 RCNY 4-10 (c) (1), which requires buses to pick up and discharge passengers at bus stops and within 12 inches of the curb and parallel thereto, was a proximate cause of the accident. It was the positioning of the bus adjacent to the defective condition, and not the rule violation, that proximately caused the accident. The violation merely furnished the occasion for the accident (*see Sheehan v City of New York*, 40 NY2d 496 [1976]; *Pagan v Ouattara*, 115 AD3d 605 [1st Dept 2014]).

Nevertheless, dismissal of the complaint is unwarranted, given that the evidence supports a finding that defendants negligently positioned the bus, and defendants do not argue that such negligence was not a proximate cause of plaintiff's injuries.

The jury's finding that plaintiff was negligent, but that such negligence was not the proximate cause of her injuries, is inconsistent and against the weight of the evidence. The issues "are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Lora v City of New York*, 305 AD2d 171, 172 [1st Dept 2003]). Accordingly, a new trial on the issue of liability is required. Concur—Friedman, J.P., Andrias, Saxe and Kapnick, JJ.