# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1152

CA 16-00458

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

NICHOLAS KILMER, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DAVID MASTROPIETRO, INDIVIDUALLY AND/OR DOING
BUSINESS AS FINGER LAKES TRANSPORT, AND DAVID
BAKER, DEFENDANTS-RESPONDENTS.

---

GREENE & REID, PLLC, SYRACUSE (EUGENE W. LANE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (SHANNON R. BECKER OF
COUNSEL), FOR DEFENDANT-RESPONDENT DAVID MASTROPIETRO, INDIVIDUALLY
AND/OR DOING BUSINESS AS FINGER LAKES TRANSPORT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN J. KROGMAN DAUM
OF COUNSEL), FOR DEFENDANT-RESPONDENT DAVID BAKER.

---

Appeal from an order of the Supreme Court, Cayuga County (Thomas
G. Leone, A.J.), entered December 24, 2015. The order granted
defendants' respective motion and cross motion for summary judgment
dismissing the complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries that he allegedly sustained when he ran behind a rolling car
in an attempt to stop it, and then was struck by the car when he
slipped and fell. Contrary to plaintiff's contention, Supreme Court
properly granted defendants' respective motion and cross motion for
summary judgment dismissing the complaint against them. Although
"[a]s a general rule, the question of proximate cause is to be decided
by the finder of fact" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308,
312, *rearg denied* 52 NY2d 784), "where[, as here,] a defendant's
actions merely 'furnish[ ] the condition or occasion' for the events
leading to a plaintiff's injuries, those actions will not be deemed a
proximate cause of the injuries" (*Hurlburt v Noble Envtl. Power, LLC*,
128 AD3d 1518, 1519; *see generally Sheehan v City of New York*, 40 NY2d
496, 503). Here, even assuming, arguendo, that defendants' alleged
negligence created the opportunity for the vehicle to begin rolling
down the incline, we conclude that any such negligence did not cause
plaintiff, who was in a safe position, to move behind it and attempt
to stop it. "In short, the [alleged] negligence of [defendants]

merely furnished the occasion for an unrelated act to cause injuries not ordinarily anticipated" (*Derdiarian*, 51 NY2d at 316).

Entered:  December 23, 2016                          Frances E. Cafarell
                                                     Clerk of the Court