Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered December 24, 2015. The order granted defendants’ respective motion and cross motion for summary judgment dismissing the complaint against them.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when he ran behind a rolling car in an attempt to stop it, and then was struck by the car when he slipped and fell. Contrary to plaintiff’s contention, Supreme Court properly granted defendants’ respective motion and cross motion for summary judgment dismissing the complaint against them. Although “[a]s a general rule, the question of proximate cause is to be decided by the finder of fact” (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 312 [1980], rearg denied 52 NY2d 784 [1980]), “where[, as here,] a defendant’s actions merely ‘furnish[ ] the condition or occasion’ for the events leading to a plaintiff’s injuries, those actions will not be deemed a proximate cause of the injuries” (Hurlburt v Noble Envtl. Power, LLC, 128 AD3d 1518, 1519 [2015]; see generally Sheehan v City of New York, 40 NY2d 496, 503 [1976]). Here, even assuming, arguendo, that defendants’ alleged negligence created the opportunity for the vehicle to begin rolling down the incline, we conclude that any such negligence did not cause plaintiff, who was in a safe position, to move behind it and attempt to stop it. “In short, the [alleged] negligence of [defendants] merely furnished the occasion for an unrelated act to cause injuries not ordinarily anticipated” (Derdiarian, 51 NY2d at 316).
Present—Whalen, P.J., Smith, Peradotto, NeMoyer and Scudder, JJ.