Zaiter v Southern Blvd. Partners, III (2020 NY Slip Op 01469)





Zaiter v Southern Blvd. Partners, III


2020 NY Slip Op 01469


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Renwick, J.P., Gische, Kern, Singh, JJ.


11176 307890/11

[*1] Noris Zaiter, Plaintiff-Appellant,
v
Southern Boulevard Partners, III, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, New York (Christopher J. Soverow of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (Shannon Henderson of counsel), for respondent.



Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about November 28, 2018, which denied plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Summary judgment on the issue of liability was properly denied in this action where plaintiff was injured when she slipped and fell on a wet condition in the lobby of the apartment building in which she lived. Plaintiff failed to show that defendant had notice of the hazardous condition, as she presented no evidence that defendant's employees were warned of the wet condition in the lobby or personally saw it before plaintiff's fall (see Manderson v Phipps Houses Servs., Inc., 173 AD3d 459 [1st Dept 2019]; Roman v Met-Paca II Assoc., L.P., 85 AD3d 509 [1st Dept 2011]). There is no dispute that defendant had actual notice of a defective lobby door. However, there is no evidence that it had notice of the broken door repeatedly allowing snow to accumulate in the lobby (compare Colt v Great Atl. & Pac. Tea Co., 209 AD2d 294 [1st Dept 1994]). Although plaintiff previously made complaints about the malfunctioning door to the building superintendent, she stated that she had never before made complaints about any hazardous conditions in the lobby.
Plaintiff's argument that defendant is liable for her injuries because it violated Multiple Dwelling Law § 78 in failing to repair the broken door is unavailing. Even if defendant violated Multiple Dwelling Law § 78 by failing to fix the broken door, there is a question of fact as to whether the broken door was the proximate cause of plaintiff's injury (see Sheehan v City of New York, 40 NY2d 496, 503 [1976]). Defendant presented evidence showing that the door was still capable of being closed, and plaintiff acknowledged that she had manually closed the door in the past. Under the circumstances, there is a triable issue as to whether the accumulation of snow in the lobby was a reasonably foreseeable consequence of the broken door (see e.g. White v Diaz, 49 AD3d 134, 139-140 [1st Dept 2008]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK