■ MICHAEL GRAMBLE, Respondent, v PRECISION HEALTH, INC., et al., Defendants, and BETTY J. MACCHIC, Appellant. [699 NYS2d 393] —Order, Supreme Court, New York County (Jerry Crispino, J.), entered on or about December 23, 1998, which, *inter alia*, denied the motion of defendant-appellant Betty J. Macchic for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against defendant-appellant. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against her.

Plaintiff, while a passenger in an automobile driven by defendant-appellant Macchic, was injured when Macchic's car was struck by defendant Precision Health, Inc.'s (Precision) vehicle, driven by defendant Velasquez, which failed to heed a stop sign after exiting a Jiffy Lube parking lot. Mr. Velasquez conceded he did not see the stop sign as he proceeded into the intersection of Burke and Laconia Avenues, whereupon he collided with Macchic's vehicle. Macchic, who was traveling west on Burke Avenue, was not subject to any traffic control devices at the intersection.

While, as the motion court found, negligence cases "do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where, as here, the

facts clearly point to the negligence of one party without any fault or culpable conduct by the other party" (*Morowitz v Naughton*, 150 AD2d 536, 537).

Ms. Macchic's unrebutted deposition testimony indicated that as she approached the intersection, she was going "slow" because of traffic ahead of her, and that she looked both ways before proceeding through the intersection. There were no traffic control devices for her to heed. Indeed, Mr. Velasquez admitted passing through a stop sign which he did not notice, and that he did not remember having ever looked in the direction of Macchic's vehicle before proceeding into the intersection. Moreover, Macchic did not see Precision's vehicle until it struck her vehicle from the side, causing a "heavy" impact.

Testimony of the plaintiff-passenger was that Macchic was going at "regular speed", "not fast", when her car was hit. Plaintiff further testified that Macchic's vehicle was hit "seconds" after he first spotted Precision's car. Plaintiff described the impact as a "strong" one, causing the Macchic vehicle to be pushed against the center island's lamppost. Such testimony as to the impact and damage to the vehicles suggests Velaquez was traveling at a fast rate of speed, particularly considering Velasquez's testimony that he swerved to the right and applied the brakes in attempting to avert a collision. Indeed, there was in the testimony of Macchic, plaintiff or Velasquez to indicate that Macchic was in any way at fault for the accident.

The fact that plaintiff observed Velasquez's vehicle just seconds before the accident is insufficient to imply any negligence on Macchic's part. Ms. Macchic was looking straight ahead at the "slow" traffic ahead of her, and in the direction in which she was moving rather than to the sides, since she was already in the intersection. There was no testimony that there was any noise to alert her to Velasquez's approach. There is also no testimony from plaintiff that he had any time to alert Macchic to the oncoming vehicle.

Shadowy issues, unsupported by evidence in the record, are all that defendants Precision and Velasquez offer here in opposition to defendant Macchic's motion. Thus, contrary to the conclusion reached by the trial court in denying Macchic's motion, the record evidence indicates that Macchic "acted reasonably under the circumstances", and there is no basis in the record for concluding otherwise. Concur—Sullivan, J. P., Rosenberger, Lerner, Rubin and Andrias, JJ.