■ ROSIE SPENCE, Appellant, v LAKE SERVICE STATION, INC., et al., Respondents. [787 NYS2d 673]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about July 17, 2003, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings in accordance herewith.

This is a personal injury action in which plaintiff Rosie Spence alleges that she was struck by a tow truck owned by defendant Lake Service Station, Inc., and operated by its employee, defendant Paul M. Murray. Plaintiff testified at an examination before trial held on October 30, 2002 that she and a friend were proceeding southbound on the Taconic State Parkway when she pulled onto the shoulder of the road after realizing the car was disabled. A New York State Trooper came upon the scene, parked behind plaintiff's vehicle and, after speaking with

plaintiff and her friend, summoned a tow truck from a local gas station. Prior to its arrival, plaintiff opened the hood of the disabled vehicle in order to check the oil.

Plaintiff claimed that the tow truck pulled over in front of her automobile, but that she was unaware of its presence as she was facing the engine of her vehicle. Plaintiff stated that she first heard the Trooper screaming for the tow truck driver to pull forward and, as she began to turn around, she heard her friend begin to scream. Plaintiff contended that by the time she had fully turned around to see what was happening, it was too late and the tow truck rolled into her, pinning her legs to her automobile.

Plaintiff testified that the tow truck driver started to get out of his truck, but stopped when he heard everyone yelling, got back in the truck, and slowly pulled it away from plaintiff. The Trooper and plaintiff's friend then allegedly lowered plaintiff to the ground, where she remained until an ambulance transported her to Saint Francis Hospital in Poughkeepsie, New York.

Allan Winby, who co-owned Lake Service with his brother Steven Winby, testified that he dispatched the tow truck to plaintiff's location after receiving a call from the State Police, and that shortly thereafter, he received a call from Murray informing him of the accident involving plaintiff. Winby thereafter described the proper method of operating the truck's emergency brake, noting that additional precautions need be taken if the truck is on an incline. Winby testified that he learned through conversations with his brother and Murray, as well as from the State Police report, that the truck was still rolling toward plaintiff's vehicle as Murray was preparing to load it onto the truck, and that it was his understanding, after discussing the accident with Murray, that the brake had not been properly applied. Winby also described the accident scene as a moderate hill, with a downward incline running from the tow truck to plaintiff's vehicle, which caused the truck to roll backward. Defendants failed to submit any further evidence, eyewitness or otherwise, to refute plaintiff's account of the events leading to the accident.

At the conclusion of discovery, plaintiff moved for partial summary judgment on the issue of liability. The motion court denied the motion, and held that the issue of comparative negligence, if any, on the part of plaintiff must be left to the trier of fact. We reverse.

"While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where, as here, the facts clearly point to the

negligence of one party without any fault or culpable conduct by the other party" (*Morowitz v Naughton,* 150 AD2d 536, 537 [1989]; *see also Gramble v Precision Health,* 267 AD2d 66, 67 [1999]).

In this matter, it is clear that plaintiff's decision to look under the hood of her disabled vehicle was not one of the causes of the accident, but merely furnished the condition or occasion for the occurrence of the event (*see Sheehan v City of New York,* 40 NY2d 496, 503 [1976]; *Mendrykowski v New York Tel. Co.,* 2 AD3d 1410 [2003]), and that the driver's negligence in the manner in which he operated the tow truck, by allowing it to roll downslope and pin plaintiff against her automobile, was the sole proximate cause of the accident (*Browarek v Pfalzer,* 174 AD2d 1054 [1991]). Concur—Buckley, P.J., Nardelli, Andrias, Saxe and Lerner, JJ.