OPINION OF THE COURT
Michael D. Stallman, J.
It is ordered that this motion for summary judgment dismissing the third-party action by third-party defendants Columbia University and Turner Construction Company is denied.
In this action, plaintiff alleges that, on March 31, 2010, an M60 bus owned by defendant New York City Transit Authority (NYCTA) and driven by Elvis E. Washington struck a stationary concrete Jersey barrier at the corner of Broadway and West 120th Street in Manhattan, which then allegedly struck the infant plaintiff Allison De Nise. William Sabino, a superintendent employed by third-party defendant Turner Construction Company, testified at his deposition that a subcontractor of Turner Construction Company installed the Jersey barrier. (See Sparling affirmation, exhibit I [Sabino EBT] at 31.)
Third-party defendants now move for summary judgment on the grounds that they were not negligent and that Washington’s alleged negligent operation of the bus, rather than the Jersey barrier, was the proximate cause of the infant plaintiffs injury. They contend that the Jersey barrier was properly stationed completely within the right lane of Broadway and West 120th Street, and that Washington simply misjudged the distance he needed to complete the turn of the bus onto West 120th Street from Broadway. In support of their motion, they submit the affidavit of James C. Schultz, a professional engineer. (Sparling affirmation, exhibit J [Schultz afi].) Schultz states that he personally inspected and took detailed measurements of the scene of the accident. (Schultz aff 114.) According to Schultz, the easternmost lane on Broadway between West 116th and West 120th Streets and the southern-most lane on West 120th Street between Broadway and Amsterdam Avenue were closed pursuant to DOT permits. (Id. 1f 6.) Schultz states that the Jersey barrier at issue was completely within the properly permitted closed lane. (Id. IT 8.)
Third-party defendants have not met their prima facie burden that the placement and installation of the Jersey barrier at is *360 sue was, as a matter of law, not negligent. It is not clear from Schultz’s affidavit that his conclusion that the Jersey barrier was within the properly closed right lane of the street was based on the position of the Jersey barrier prior to impact. As NYCTA indicates, Schultz did not inspect the accident location until after the accident, and it is not clear when his inspection took place. Meanwhile, Sabino testified at his deposition that the Jersey barrier moved upon impact. (Sabino EBT at 41.)
According to Sabino, a photograph marked as defendant’s exhibit C depicts the position of the Jersey barrier prior to the impact, based on a moisture outline on the ground. (Sabino EBT at 42.) Washington testified at his deposition that, if the Jersey barrier was sitting on the patch, then it was within the closed lane. (Id. at 120.) Given the angle of the photograph, it is not clear to this court that the Jersey barrier was completely within the closed lane, assuming that the moisture outline was the position of the Jersey barrier prior to the accident. (See Schultz aff, exhibit C.) Although Schultz stated in his affidavit that the photograph shows a moisture patch indicating where the barrier was sitting just prior to the accident (Schultz aff If 11), it does not appear that this conclusion is being given as an opinion reflecting a level of reasonable certainty within his field. (See People v Allweiss, 48 NY2d 40, 50 [1979].) Thus, the circumstantial evidence presented of the Jersey barrier’s position at the time of impact is not sufficient for the court to conclude, as a matter of law on this motion, that the Jersey barrier was completely within the closed lane.
Third-party defendants’ argument that Washington’s purportedly negligent operation of the bus was a superseding/ intervening cause of plaintiffs accident cannot be determined, as a matter of law, on this motion because of the unresolved question of whether the Jersey barrier was placed within the closed lane. As third-party defendants point out, Washington testified at his deposition that he avoided the Jersey barrier earlier during the day on the bus route. (Sparling affirmation, exhibit G at 94.)
However, “[w]hen the intervening, intentional act of another is itself the foreseeable harm that shapes the duty imposed, the defendant who fails to guard against such conduct will not be relieved of liability when that act occurs.” (Kush v City of Buffalo, 59 NY2d 26, 33 [1983].) Sabino testified that the purpose of the Jersey barrier is to protect scaffolding from the foreseeable risk of being struck by vehicles. (Sabino EBT at 35.) If the *361 Jersey barrier was placed outside of the closed lane, and into a lane which it was not permitted to obstruct, it would have been foreseeable that a vehicle, such as a bus, would hit the Jersey barrier.
Contrary to third-party defendants’ argument, Esposito v Rea (243 AD2d 536 [2d Dept 1997]), Dunlap v City of New York (186 AD2d 782 [2d Dept 1992]), and Ventricelli v Kinney Sys. Rent A Car (45 NY2d 950 [1978]) do not stand for the proposition that a vehicle that hits a stationary object is the sole proximate cause of the accident, even where the stationary object was placed negligently. In these cases, the negligence was ruled not to be a proximate cause of the accident because the negligence “merely furnished the condition for the occurrence” of the accident. (See also Ely v Pierce, 302 AD2d 489 [2d Dept 2003]; Spence v Lake Serv. Sta., Inc., 13 AD3d 276 [1st Dept 2004].)
These cases are distinguishable from the case at bar because the presence of the vehicles in the cases cited, although attributable to another’s negligence, was fortuitous. In Esposito, the plaintiff argued that the defendant Joan Gleeson was negligent in permitting her automobile to run out of gas, which caused Gleeson to pull over to the side of the road. The plaintiffs decedent exited Gleeson’s vehicle while it was being fueled and stood in the roadway, where the plaintiffs decedent was struck by another vehicle. In Dunlap, the plaintiffs vehicle came to rest between the middle and right lanes of a service road on the Long Island Expressway after colliding with a New York City Department of Sanitation “sweeper” vehicle. In Ventricelli, the plaintiff was struck while attempting to close the trunk lid of his vehicle on the side of a city street, and the plaintiff argued that the trunk repeatedly flew open. In Spence, the plaintiff was injured when she was pinned to her car by a tow truck, which had rolled backward into the plaintiffs vehicle. The plaintiff did not see the tow truck because she had opened the hood of her vehicle to check the oil.
Here, by contrast, the position of the Jersey barrier was not fortuitous. Moreover, because there is an unresolved question as to whether it was placed in an open lane of traffic, this court cannot rule that, as a matter of law, the placement of the Jersey barrier merely furnished the condition for the occurrence.
Sheehan v City of New York (40 NY2d 496 [1976]), which third-party defendants also cite, is inapplicable to this case. There, a City of New York sanitation truck rear-ended a bus owned by the Manhattan and Bronx Surface Transit Operating *362 Authority, which had allegedly stopped to discharge passengers. The Court of Appeals ruled that the issue of whether the bus was negligent in failing to pull over to the bus stop was not, as a matter of law, a proximate cause of the accident, because “the bus at the time of the accident appears merely to have been at one point in the street where it had a right to be (the traveling lane) rather than at another point in the street where it had a right to be (the bus stop).” (Id. at 502.) Sheehan does not apply because, if the Jersey barrier were negligently placed outside the closed lane, then it could not be said that the Jersey barrier would have “a right to be” in an open lane of moving traffic.
Therefore, third-party defendants’ motion for summary judgment dismissing the third-party action is denied.