McLean v Ripoli (2018 NY Slip Op 00461)





McLean v Ripoli


2018 NY Slip Op 00461


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Acosta, P.J., Renwick, Kapnick, Kahn, Kern, JJ.


5540 300263/12

[*1]Sean McLean, Plaintiff-Respondent,
v
Eric A. Ripoli, et al., Defendants, Pedro Lay, et al., Defendants-Appellants.


Carman, Callahan & Ingham, LLP, Farmingdale (Gil Auslander of counsel), for appellants.
The Adam Law Office, PLLC, New York (Richard Adam of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered January 24, 2017, which denied defendants Pedro Lay and Autorama Enterprises of Bronx, Inc.'s motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
On February 12, 2010, at about 1:45 a.m., plaintiff Sean McLean was riding in a Volkswagen Jetta, which was owned by codefendant Beverley Shelly and being operated by his cousin, nonparty Travis Roberts, when the vehicle broke down on the southbound Major Deegan Expressway near the Van Cortlandt Park exit. Defendant Pedro Lay, an employee of defendant Autorama Enterprises of Bronx, Inc., was hitching the Jetta to his tow truck when a vehicle owned and operated by codefendant Eric A. Ripoli rear-ended the Jetta, pushed it into the rear of the tow truck then collided with a fourth nonparty vehicle. Ripoli has pled guilty to driving under the influence for his role in the accident.
Defendants-appellants are entitled to summary judgment, because the tow truck driver's affirmative negligence, if any, did nothing more than furnish the condition or give rise to the occasion by which plaintiff's injury was made possible (see Roman v Cabrera, 113 AD3d 541, 542 [1st Dept 2014], lv dismissed in part, denied in part 24 NY3d 949 [2014]; Spence v Lake Serv. Sta., Inc., 13 AD3d 276, 277-278 [1st Dept 2004]). There is no allegation that their actions violated a traffic regulation and the record shows that the tow truck driver was in the process of securing the vehicle to tow it off the expressway when the accident happened.
Plaintiff's assertion that the accident would not have occurred if the tow truck driver had placed additional flares or moved the ones that the police officers had placed, displayed cones or removed the Jetta from the location sooner is speculative and insufficient to raise an issue of fact, because it is undisputed that Ripoli fell asleep before his vehicle rear-
ended the Jetta (see Iqbal v Thai, 83 AD3d 897, 898 [2d Dept 2011]; Mendrykowski v New York Tel. Co., 2 AD3d 1410 [4th Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK