Franco v City of New York (2019 NY Slip Op 00377)





Franco v City of New York


2019 NY Slip Op 00377


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


8148 102021/08

[*1]Herman C. Franco, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Bisogno & Meyerson, LLP, Brooklyn (Elizabeth Mark Meyerson of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Max McCann of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered October 23, 2017, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established entitlement to judgment as a matter of law in this action where he was injured when defendants' tow truck was left unattended by its driver, defendant Millar, and rolled backwards into plaintiff's car, which was stopped behind the tow truck. When a driver fails to secure an unattended vehicle sufficiently to prevent it from starting to move on its own, the driver is negligent (see Spence v Lake Serv. Sta., Inc., 13 AD3d 276, 278 [1st Dept 2004]; see also Schiffer v Sunrise Removal, Inc., 62 AD3d 776, 780 [2d Dept 2009]).
In opposition, defendants did not raise a triable issue of fact as they failed to offer a non-negligent explanation for the collision (see Johnson v Phillips, 261 AD2d 269, 271 [1st Dept 1999]). Defendants' speculation that, even though Millar left the gear in "park" before exiting the tow truck, the gear must have slipped into reverse on its own due to some mechanical failure is insufficient to raise an issue of fact (see Flood v Travelers Vil. Garage, 66 AD2d 726, 727 [1st Dept 1978]). Defendants present no evidence of any type of mechanical failure or defect in the tow truck, which Millar was able to drive back to the depot after the accident without incident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK