Richard v Ventura (2023 NY Slip Op 06101)

Richard v Ventura

2023 NY Slip Op 06101

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, Higgitt, JJ. 

Index No. 21800/20, 25075/19 Appeal No. 1107-1108 Case No. 2022-05320, 2023-03402 

[*1]Mark Richard, Plaintiff-Appellant,
v
Angel Ventura, Defendant-Respondent, American Transit Insurance Company, Defendant.
Adriana Dzib, Plaintiff-Appellant,
v
Omar Enrique Sabio, Defendant, Angel Ventura, Defendant-Respondent.

Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for appellants.
Marjorie E. Bornes, Brooklyn, for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered October 6, 2022, which granted defendant Angel Ventura's motion for summary judgment dismissing plaintiff Mark Richard's complaint as against him, and order, Supreme Court, Bronx County (Bianka Perez, J.), entered June 2, 2023, which granted defendant Ventura's motion for summary judgment dismissing plaintiff Adriana Dzib's complaint as against him, unanimously affirmed, without costs.
Plaintiffs were passengers in defendant Ventura's livery cab when the cab was rear-ended by a vehicle driven by defendant Omar Enrique Sabio. It is undisputed that Sabios vehicle rear-ended Ventura's vehicle without an accompanying nonnegligent explanation, thus establishing a prima facie case of negligence on Sabio's part (see Santana v Danco Inc., 115 AD3d 560, 560 [1st Dept 2014]).
In opposing Ventura's motions for summary judgment, plaintiffs failed to raise a triable issue of fact as to Ventura's negligence (see Callahan v Haji, 189 AD3d 610, 610-611 [1st Dept 2020]). Plaintiffs' affidavits confirmed that Ventura's cab was "violently rear-ended," and the impact was "very hard," without asserting that Ventura in any way contributed to the collision to suggest apportionment of fault between the drivers. Further, plaintiffs' claim that had Ventura not "jerked the steering wheel" and applied the brakes properly, Ventura could have avoided crashing into the guard rail, is speculative, and thus insufficient to defeat summary judgment (see Gramble v Precision Health, 267 AD2d 66, 67 [1st Dept 1999]).
Contrary to plaintiffs' contention, Ventura's motions were not premature and further discovery was unnecessary since plaintiffs had personal knowledge of the relevant facts concerning the accident (see Callahan, 189 AD3d at 611). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023